Lawrence.

The question in this case is, whether the deed from Ebenezer to Henry Proctor is to be considered fraudulent as against the demandant. At common law, a fraudulent conveyance could only be avoided by him who had a prior interest or claim. (2) The demandant is not a purchaser within the intent of the statutes, but a creditor only. ' Purchaser, in the construction of the statutes, has always been taken in its popular sense, and not technically as including every mode of acquiring an estate, except by descent. (3)
The recognizance in this case has no such effect, in creating a lien on the conusor’s land, as statutes merchant and staple, and recognizances in nature of these, in the English law. The statute of this commonwealth, (4) which provided this species of recognizance, was intended merely to save costs to the debtor, not to create a lien. Nor is there any difference, in this respect, between such a recognizance and a judgment of a common law court rendered upon any civil contract.
Then is the deed in this case void, considering the demandant as a creditor ? — It was a voluntary conveyance, but it was not a fraud *349 ulent one; and the confounding of the distinction between these two has occasioned the jarring opinions under the statutes of Eliz abeth. If a conveyance is not fraudulent at the time of making it, it is not within the * meaning of the statutes, although no money be paid. “ One great circumstance,” says Lord Mansfield, in Doe vs. Routledge, (5) “ which should always be attended to in these transactions, is, whether the person was indebted at the time he made the settlement; if he was, it is a strong badge of fraud.” In the case at bar, it is found, expressly, that the grantor had other real estate sufficient for the support of himself and his family, and was not encumbered with debts There was nothing.in the whole transaction which wore the appearance of fraud. It is true the grantor continued in possession ; but he was the father and natural guardian of the grantee, who was an infant of a very tender age. No power of revocation was reserved. He had made similar settlements upon his other children. The demandant knew of the conveyance before he gave the credit to the father. In short, every circumstance negatives the idea of fraud.
The action stood continued for advisement; and at this term, the Court ordered the demandant to be called, (a)

Demandant nonsuit.

 3 Co. 83.

 Cro Eliz. 445. — Roberts, 371.

 1782, c. 21.

 Cowp. 711.

 [Sexton vs. Wheaton, 8 Wheat. 229. — Hildreth vs. Sands, 3 Johns. Ch. Rep. 35. Anderson vs. Boyd, 18 Johns. Rep. 515. — Ed.]