Parker, C. J.,
delivered the opinion of the Court.
The title of the demandant is by deed from his father, Robert Bennett, dated March 9, 1802, acknowledged and recorded; and he entered and took possession under the deed soon after its execution and delivery.
The title of the tenants is by judgment and execution against the same Robert Bennett, recently levied upon the same land, the debt upon which the judgment was rendered [ * 423 ] f having accrued several years after the conveyance was made from the said Robert to his son.
It is found by the verdict that the said Robert was not an embarrassed man when he made his deed: there were no circumstances of secrecy, or any evidence of trust in the conveyance. On *383 the contrary, it appears that, about the same time, he executed other conveyances of other parcels of his land to divers of his children ; and that he retained, and still has, sufficient real estate to pay all his debts.
Under these circumstances, there can be no pretence that the conveyance was fraudulent against creditors; certainly not against the tenants, who did not exist at that time as creditors of the grantor. And although the conveyance was voluntary, there having been no valuable consideration, it is good against all persons but such as were creditors at the time.

Judgment according to the verdict. 

(a)

 Parker vs. Proctor & Al. 9 Mass. Rep. 390. — Drinkwater vs. Drinkwater, 4 Mass. Rep. 354. — Ricker vs. Ham & Al. 14 Mass. Rep. 137. — Bohn vs. Headly, 7 H. & J. 257. — Jackson, ex Dem. Stewart, vs. Town, 4 Cowen, 599.—Jackson, ex Dem Cary, vs. Parker, 9 Cowen, 73. — Chamberlaine & Al. vs. Temple, 2 Rand. 384. — Goodwin vs. Hubbart, 15 Mass. Rep. 210. — Davis vs. Paines, Admr. 4 Rand. 332. — Blow vs. Maynard, 2 Leigh. 30. — Bean vs. Smith, 2 Mason, 252.