IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN JANUARY TERM, 1821, IN THE FORTY-FIFTH YEAR OF OUR
INDEPENDENCE.

---

JACKSON, ex dem. VAN BUREN, against MYERS.(a)

THIS was an action of ejectment, tried at the *Columbia* circuit, before Mr. Justice *Yates*, in *November*, 1818.

*John W. Morse* recovered a judgment in this Court against *Roger Adsit*, in an action of slander, tried at the *September* circuit, 1816, for 734 dollars and 43 cents, which was docketed in *November* following. The premises in question, consisting of a house and lot of land of about four acres, and another lot of about twenty acres, which were in the possession of *Adsit*, at the time the above-mentioned suit was brought, were seized by virtue of an execution issued on the judgment in favour of *Morse*, and sold by the sheriff to *J. Minard*, by a deed, dated the 24th of *April*, 1817, for fifty dollars, under whom the plaintiff claimed. The whole of the property was worth about 1,000 dollars.

*A conveyance made with intent to defeat the recovery by a third person for damages in an action then pending for a tort, and before trial and judgment, is fraudulent and void, within the statute against frauds. (Sess. 10. ch. 44. s. 2. 1 N. R. L. 75.)*

a This case was submitted to the Court, without argument, and decided in *October* term, 1819, but not reported. In *August* term last, the case of *Jackson, ex dem. Ruggles* and *Hooker*, v. *Swann*, presented the same question, when the Court, referring to their decision in *Jackson* v. *Myers*, stopped the counsel, (*P. Ruggles*,) and gave judgment for the plaintiff. The opinion of the Court, in the latter cause, has since been obtained, but too late to be inserted with the cases of the last term.

The defendant gave in evidence three several deeds from *Adsit* to him, all dated the 26th of *August*, 1816, for different parcels of the premises in question. The amount of the consideration expressed in the deeds was 1,500 dollars. It was proved, that these deeds were executed and delivered a few days before the Circuit Court, at which the cause of *Morse* v. *Adsit* was tried. *Adsit*, at the same time, gave a bill of sale of all his personal property. He remained on the farm until *June*, 1817, and has since been in prison, within the liberties of the gaol. No money was paid when the deeds were delivered ; but notes were given for the amount of the consideration, payable in three annual instalments. It was generally known, at the time, that the cause of *Morse* v. *Adsit* was to be tried at the *September* circuit, in 1816 ; and the witness had no doubt that the defendant knew that the trial was to come on when the deeds were executed. In the spring of 1817, the defendant paid *Adsit* 100 dollars, to enable him to pay off a judgment against him, in favour of *P. Livingston*. The defendant was present when the lessor of the plaintiff purchased the farm in question, and forbade the sale, and offered to show his title. There was a mortgage on the property for about 175 dollars.

It appeared, that the defendant was a farmer of considerable property, possessing a farm of 300 acres, worth above 4,000 dollars.

The Judge declared his opinion, that the deeds from *Adsit* to the defendant were fraudulent and void ; and the jury, under his direction, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial, which was submitted to the Court, without argument, on a case, as above stated.

*Van Buren*, for the plaintiff.

*Vanderpool*, for the defendant.

WOODWORTH, J. delivered the opinion of the Court. The question arising in this cause is, whether the deeds from *Adsit* to *Myers*, were made with intent to delay, hinder, or

defraud creditors, or others, of their just and lawful actions, debts, damages or demands. The facts stated in the case, leave no doubt on my mind, that the purchase was made, and carried into effect, for the purpose of placing *Adsit's* property beyond the reach of any judgment or execution which *Morse* might obtain in the action of slander then pending.

But, it is contended, that as *Morse*, the plaintiff in the execution against *Adsit*, had no debt or demand against him, at the time the conveyance was executed to the defendant, but merely an action in *maleficio* pending, the deeds from *Adsit* to the defendant cannot be considered fraudulent, within the purview of the statute for the prevention of frauds. The opinion of a majority of the Court, in *Mountford* v. *Ranie*, (*Keb.* 99. *Roberts on Fraud. Conv.* 455.) was, that a conveyance may be fraudulent, although the plaintiff had only become a creditor by the escape of a prisoner, although the bond on which the judgment was obtained, was long subsequent to the conveyance. In *Luckner* v. *Freeman*, (1 *Eq. Cas. Abr.* 149.) though the Court upheld a conveyance intended to secure the payment of honest creditors, made before the trial of a cause founded in *maleficio*, yet the plaintiff, in the suit, was let in upon the surplus, after the debts were paid. In *Cowper*, 434, Lord *Mansfield* said, the statutes of 13 and 27 *Eliz.* could not receive too liberal a construction, or be too much extended in suppression of fraud ; and it is now perfectly well settled, that every kind of fraud is equally cognizable at law, as in equity. In *Twyne's* case, (3 *Co. Rep.* 82.) it is said to have been resolved by all the barons, " that the statute of 13 *Eliz.* c. 5. extends not only to creditors, *but to all others who had cause of action, or suit, or any penalty or forfeiture.*" In the case of *Jackson* v. *Ham*, (15 *Johns. Rep.* 262.) it never was intended to decide this question. The Chief Justice, in delivering the opinion of the Court in that case, says, " that the deed from *Wendell C. Ham* to his father, was not made with intent to defraud *Van Alen* of his lawful action, but must be considered as the mere reconveyance of an estate, conveyed for temporary purposes, and intended and expected to be reconveyed; and that, in considering whether the

ALBANY,
January, 1821.

JACKSON
v.
MYERS.

ALBANY,
January, 1821.

conveyance was fraudulent, we have a right to regard the prior deed, which we find to have been entirely gratuitous."

On a review of the cases, and considering the broad expressions in the statute, (1 *N. R. L.* 75.) that conveyances to " defraud creditors *and others,* of their just and lawful actions, damages, and demands," are void, I think it is competent for the lessor of the plaintiff, who purchased under the execution of *Morse* v. *Adsit,* to object, that the deeds relied on by the defendant are fraudulent and void, on the ground that *t*he action of *Morse* v. *Adsit,* although founded in *maleficio,* is within the spirit, words, and meaning of the statute, and, consequently, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.(*a*)

(*a*) In *Fox* v. *Hills,* (1 *Day's Conn. Rep.* 295.) the Supreme Court of Errors of *Connecticut,* (in 1815,) were of opinion, that such a conveyance was fraudulent and void at common law; and four of the Judges were of opinion, that it was void within the statute of that state against fraudulent conveyances, the language of which is different, and not so broad as our statute, which is copied from the *English* statute, 13 *Eliz.* ch. 5.