BENTON *against* JONES and another.

In a court of law, parol evidence is inadmissible to shew, that an absolute deed of land was intended as a mortgage.

An absolute deed of land to creditors of the grantor, but not delivered in satisfaction of their claim, will be considered, in a court of law, as voluntary.

A voluntary deed, given by a person not indebted at the time, and without any fraudulent intention, is valid as against subsequent creditors.

Therefore, where a man, without any fraudulent intention, executed an absolute deed of land to all his creditors, but not in satisfaction of their claims; it was held, in an action of trespass involving the title of the land, that such deed was valid as against a creditor, whose claim originated twelve years afterwards.

THIS was an action of trespass *quare clausum fregit;* tried at *New-Haven, January* term, 1830, before *Daggett,* J.

The plaintiff claimed title to the land described in the declaration, by the levy of three executions thereon, in 1826 and 1828, in his favour against *Noadiah Norton* jun. The defendant claimed title to the land, by virtue of an absolute quit-claim deed from *Norton,* dated the 26th of *April,* 1813, to *Reuben Elliott* and others.

The plaintiff claimed to have proved, that the grantees in such deed were the creditors of *Norton* in several debts, amounting to the consideration mentioned in the deed; and that, at the time of its execution, there was a parol agreement

between the parties, that upon the payment of said debts, the land conveyed as security for them, should be reconveyed to *Norton.* On the other hand, the defendants claimed to have proved, that the deed in question was not a mortgage security for the debts, but was received in full satisfaction of them. It was admitted, that the execution debts did not accrue until twelve years after the delivery of the deed. And the defendants claimed to have proved, that *Norton,* at the time of executing the deed, was not indebted to any person whatever, except to the grantees; and that the deed was *bona fide.* The defendants moreover claimed, as a point of law, that if the deed was not made with intention to defraud the creditors of *Norton,* but was in fact honestly made, with intention to secure the debts of the grantees, it was valid as against subsequent creditors, and particularly against the plaintiff; and the defendants requested the judge so to instruct the jury.

The judge declined to instruct the jury in this manner, but charged them, that if they should find from the testimony, that the deed was executed and received in full satisfaction of the debts of the several grantees, in that case the plaintiff acquired no title; but if the deed was given merely as security for the debts of the grantees, and not in payment or satisfaction thereof, the deed was invalid as against subsequent *bona fide* creditors.

The jury gave a verdict for the plaintiff; and the defendants moved for a new trial for a misdirection.

*N. Smith* and *C. Chapman,* in support of the motion, contended, I. That the facts in relation to the fraud claimed, ought to have been submitted to the jury. Whether a conveyance is fraudulent or not, it is now settled, is a question of *fact.* The rule apparently adopted in *Edwards* v. *Harben,* 2 *Term Rep.* 587, was never recognized, by our courts, and is denied to be law every where. The court instructs the jury what circumstances furnish a presumption of fraud, and what circumstances repel that presumption, and then submits the entire case to the jury as a question of fact. *Burrows* v. *Stoddard,* 3 *Conn. Rep.* 431. 433.

2. That if fraud in a conveyance is a matter of legal construction, the judge, upon the facts admitted and claimed by the defendants, should have charged the jury, that the deed in question was valid. A deed made upon a *bona fide* considera-

*New-Haven,*
*July, 1830.*

Benton
*v.*
Jones.

tion, with no intention to defraud any one, and when there was no person in existence who could be defrauded thereby, is good against *subsequent* creditors. If a man is not indebted, and has no fraudulent intent, he may do with his own as he pleases. This principle lies at the foundation of private property. A conveyance with an intention to defraud, would be *actually fraudulent* and void. If the grantor were largely indebted, at the time, it might be *constructively fraudulent.* But in the absence of both these accidents, a conveyance purely voluntary, or in trust, is valid. This conveyance, however, was not strictly voluntary, or in trust. It was made to secure the payment of the grantor's honest debts, and under an agreement that he should have his land again, when those debts were paid, and not before. This was a valid agreement, and such an one as a court of chancery would enforce. *Newberry* v. *Bulkley* & al. 5 *Day* 384. 389. *Parker* v. *Proctor* & al. 9 *Mass. Rep.* 390. *Harrison* & al. v. *Trustees of Phillips Academy,* 12 *Mass. Rep.* 456. 460. *Reed* v. *Woodman,* 4 *Greenl.* 400. *Sexton* v. *Wheaton,* 8 *Wheat.* 242. *Hind's* lessee v. *Longworth,* 11 *Wheat.* 211.

*Sherman* and *Todd,* contra, after premising, that the jury, under the direction given by the judge, must have found, that the deed in question was given as a mortgage, and not in payment of the debts of the grantor, contended, 1. That an absolute deed thus given, is invalid, by the common law. *Cotterell* v. *Purchase, Talbott's Ca.* 61. 64. recognized in *Newberry* v. *Bulkley,* 5 *Day* 389.

2. That a mortgage with a parol defeasance, is invalid as against strangers, by the statute law of the state. First, the defeasance, which is an essential part of the mortgage, is not *in writing.* *Stat.* 301. *tit.* 56. *s.* 6. Secondly, it is not *recorded.* *Stat.* 302. *tit.* 56. *s.* 9. Thirdly, it does not give reasonable notice of the incumbrance on the land mortgaged. *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. *Stoughton* v. *Pasco,* 5 *Conn. Rep.* 442. *Shepard* v. *Shepard* & al. 6 *Conn. Rep.* 37. The *law* says, such a conveyance is fraudulent. Is there any doubt that a subsequent creditor may levy his execution on this property? There can be none. But how shall it be appraised? It can be appraised only at its full value; because there is no guide as to the extent of any incumbrance. The whole interest must be taken, or nothing.

Hosmer, Ch. J. The principle contained in the charge of the court, is, That a deed of land executed to all a person's creditors, without any fraudulent intention, if not in satisfaction of their debts, but, by parol agreement, in security of them only, is fraudulent against subsequent *bona fide* creditors. To this charge two objections are made ; first, that the parol evidence to prove the deed a mortgage, was inadmissible, as being incompetent ; and secondly, that the deed, if voluntary, being without actual fraud, is valid against subsequent creditors.

*New-Haven,*
July, 1830.

Benton
*v.*
Jones.

1. In respect of the first objection, it was decided, by this Court, in *Reading* v. *Weston*, ante 117. that in a court of law, evidence of a parol condition to an absolute deed rendering it a mortgage, is inadmissible. The same point was determined, in a similar manner, by the supreme court of *Massachusetts*, in *Flint* v. *Sheldon*, 13 *Mass. Rep.* 443. And the statute of this state concerning lands, enacts, that all mortgages shall be in writing, and recorded at length. *Stat.* 301. *tit.* 56. *s.* 6. What a court of *chancery* may do, in the exercise of its peculiar jurisdiction, is not the present enquiry. But that parol evidence, in a court of law, is incompetent to convert an absolute deed into one that is conditional, is too well established to be made a question. The subject need not be further pursued ; as the deed not having been delivered in satisfaction of the debts of the grantees, must be considered as voluntary.

2. This brings me to the remaining question ; whether a voluntary deed, by a person not indebted, and where there is no actual fraud, is invalid in respect of subsequent creditors.

It must be borne in mind, that *Norton* was not indebted, except to the grantees in the deed, and had no intention of defrauding future creditors. Twelve years rolled away, for aught that appears, before he contracted any debt; and then the plaintiff's demand accrued. Whether in contemplation of law, upon the preceding facts, the deed was fraudulent, is the question to be determined.

The statute against fraudulent conveyances, declares, that " all fraudulent and deceitful conveyances of lands &c. made with *intent* to avoid any debt or duty, shall be utterly void as against those persons, whose debt or duty is endeavoured to be avoided." *Stat.* 247. This act, in substance, is pursuant to the statute of the 13th of *Elizabeth, chap.* 5., and must receive a similar construction.

If the letter of the law were alone to be regarded, there

could exist no question in the case.    No actual fraud was med-
itated ; nor from the facts appearing, can any be implied.
There was no existing debt to be hindered or delayed, and
none intended to be contracted ; nor was a debt actually con-
tracted until after the lapse of twelve years.

Was it the object of the law, in suppression of fraud, to au-
thorize a legal implication, that is, a mere artificial presump-
tion, invalidating a voluntary deed in favour of subsequent cred-
itors, lest, by possibility, fraud should exist ? I know that such
a principle is stated, by one able writer, (*Roberts*) and is dedu-
cible from some antient decisions ; but it cannot now be made
a question.    It is incompatible with that *jus disponendi*, which
property necessarily implies, when wrong to another is neither
done nor meditated.    The point does not require discussion, as
it has been settled, by frequent adjudications, to which I will re-
cur.

Both by the determinations in *Westminster-Hall* and in this
country, it is well established, that a voluntary conveyance,
made by a person not indebted, and without any fraudulent in-
tent, is valid against subsequent creditors.

Before the time of Lord *Hardwicke*, the determinations on
the point in question did not harmonize.    But from the year
1745 to the present time, the decisions in chancery, where the
questions have generally arisen, have gone on the principle ex-
pressed by Lord *Hardwicke* in *Walker* & al. v. *Burrows*, 1
*Atk.* 94. that it was necessary to prove, that the person con-
veying was indebted at the time of making the settlement in
question, or immediately afterwards, in order to avoid the
deed.    To specify the *English* cases, is unnecessary.    The
most of them may be found in *Sexton* v. *Wheaton*, 8 *Wheat.*
229. cited, and very ably commented on, by Ch. J. *Marshall.*
They establish the principle stated by Lord *Hardwicke*, and in
the last of them, that is, *Bettersbee* v. *Farrington* & al. 1
*Swanst.* 106., the court, speaking of a voluntary deed, sought
to be established, affirms : " That a voluntary conveyance, by
a person not indebted, is clearly good as to future creditors.
Fraud, it is said, vitiates the transaction ; but a settlement not
fraudulent, by a party not indebted, is valid, though voluntary."
Undoubtedly, there are cases supposed to establish a different
doctrine ; but on attentive examination, it will be found, there
were circumstances besides the deed's being voluntary, that
occasioned the determinations.

On the whole, there is no doubt that the construction I have advanced, is clearly settled, by the *English* decisions.

In the *United States*, the adjudications maintain similar doctrine.

In *Howe* v. *Ward*, 4 *Greenl.* 195., it was determined, by the supreme court of *Maine*, that a voluntary conveyance, made by a solvent man, and without any fraudulent intent, is good against subsequent creditors.

To the same effect was the determination of the supreme court of *Massachusetts*, in *Parker* v. *Proctor*, 9 *Mass. Rep.* 390. " If," say the court, " a conveyance is not fraudulent, at the time of making it, it is not within the statute, although no money be paid."

By the supreme court of the *United States*, in *Sexton* v. *Wheaton*, 8 *Wheat.* 229. it was decided, after an elaborate examination of the *English* cases, that the statute 13 *Eliz. c.* 5· avoids all conveyances not made on a consideration deemed valuable in law, as against *previous* creditors ; but that it does not apply to *subsequent* creditors, if the conveyance is not made with a fraudulent intent. And in *Hind's* lessee v. *Longworth*, 11 *Wheat.* 199. it was again determined, by the same court, that a voluntary deed is void as to *antecedent*, but not as to *subsequent* creditors, unless there is actual fraud.

This, in my opinion, is the correct doctrine, and not only pursuant to the letter, but to the spirit and intent of the statute. While it leaves a person to do what he will with his own, it subjoins this just and reasonable qualification, that he should so act as not to injure his creditors. At the same time, instead of embracing an artificial presumption, in prevention of remote and possible fraud, it subjects the actions of mankind only to the same reasonable proof, which is adopted in other cases.

The other Judges were of the same opinion.

New trial to be granted.