Johnson, J.
delivered the opinion of the Court.
The general rule, that parol evidence of the contents of a paper writing, which the party has in his possession, or which he *328 may procure to be produced, by the process of the court, canil oí. be given in evidence, holds universally, wherever it constitutes the evidence of his right to the thing for which he sues: and that because it is the most certain, and therefore the best. But where the writing relates to a collateral circumstance, and an inference favourable to the party arises out of the fact of its execution and existence, and not out of its particular contents, parol evidence is admissible. Of this, the case of Spiers v. Willison, 4 Cranch, 398, is an instance. There, parol evidence of the existence of a deed of gift, was admitted, to show the nature of the possession that accompanied the deed. The allegation of the plaintiff here is, that Isaac J. Pinson conveyed the land in dispute to the defendant for the purpose of defrauding her; and the object of the evidence, that he about the same time also made a voluntary bill of sale to the defendant and David Madden, of all his negroes, the built of his remaining property, was to show the fraudulent intention by way of deduction, not from the particular provisions of the bill of sale, but from the fact of its execution without consideration. The evidence was therefore properly admitted.
We concur with the circuit court also, on the other questions which have been raised. In Twyne’s case, 3 Rep. 82 a, it is said, that the St. 13 Eliz. c. 5, extended “ not only to creditors, but to all others who had cause of suit, or action, or any penalty, or forfeiture, &c;” and that construction has been followed ever since. See also Jackson v. Myers, 18 Johns. 427, and Fox v. Hills, 1 Conn. Rep. 295.
The fact mainly relied on in support of the motion, is that the defendant paid full value for the land, in satisfying bona fide debts due by Isaac J. Pinson, and hence it is concluded, that whatever might have been Isaac J. Pinson’s intention, the conveyance could not be fraudulent as to the defendant.
The verdict of the jury has established as a conclusion from the facts proved, that Isaac J. Pinson conveyed to the defendant, with the intent to defraud* the plaintiff, and that the defendant purchased with a view to aid that intention; a conclusion well warranted by the evidence. In Twyne’s case, the consideration is said to have been more than sufficient, and although that was a criminal prosecution, the sale was held to be void. In Worsely v. De Mattos, 1 Bur. 474, Lord Mansfield says, that “ if a man knowing that a creditor has obtained judgment against his debtor, *329 buys the debtor’s goods at a full price, to enable him to defeat the creditor’s execution, it is fraudulent;” and in Cadogan v. Kennett, Cowp. 434, the same Judge remarks^ that he had “ known several cases where persons had given a fair and full price for goods, and where the possession was actually changed; yet being done for the purpose of defeating creditors, the transaction had been held fraudulent, and therefore void.”
There is perhaps no principle of more universal application, than that fraud avoids all contracts between the parties themselves if one imposes on the other, and between them and third persons where they conspire to defraud others: And cases might arise, where that could as readily be effected when a full and fair price is paid, as when nothing is paid. One rich in lands, houses, or other permanent property, resolves not to pay his debts; and another, knowing this, treats with him and purchases his whole estate, at a fair and full price, and thus enables him to fly from the claims of his creditors. Now, although the purchaser has gained no advantage, he has enabled the debtor to evade the payment of his debts, and the effect upon the creditors is precisely the same as if nothing had been paid.
I do not perceive how the defendant’s case is helped by the circumstance, that the purchase money was disbursed in the payment of Isaac J. Pinson’s just debts. The defendant cannot be in a better situation than the creditors themselves would have been, and that relationship between them, could not sanctify a fraud, by which Isaac J. Pinson was enabled to evade the plaintiff’s demand. A debtor may, it is true, honestly prefer one, creditor to another, yet in the case of Worsely v. De Mattos, 1 Bur. 482, Lord Mansfield remarks, that the contract giving the preference to even a bona fide creditor would be void, if the means to attain such preference were fraudulent.
Motion refused.