#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF ROCKINGHAM, JULY TERM,

#### A. D. 1836.

---

## JOHN PAUL *vs.* MARTIN CROOKER.

Where a debtor conveys goods by a bill of sale, absolute upon the face of it, but attended with a secret trust, such conveyance is fraudulent and void with respect to one whose claim against such debtor is a judgment in an action of trespass *quare clausum fregit* for acts done after the conveyance.

When the trust in such a case is admitted or proved, the fraud is an inference of law, which the court is bound to pronounce.

TROVER for two oxen, two cows and a cart. The cause was tried upon the general issue at February term, 1836, when it appeared that on the 12th June, 1830, one Lemuel Cutler, being the owner of the property mentioned in the declaration, and being indebted to the plaintiff in the sum of $110, sold the said property to the plaintiff for that sum, and gave him an absolute bill of sale. But it was agreed between the plaintiff and Cutler that the property should remain in the possession of Cutler for such time as the plaintiff should see fit, Cutler paying, for the use of it, interest upon the said sum of $110 at certain rates.

The property remained in the possession of Cutler until taken by the defendant, as hereafter stated; and in 1831 and 1832 he paid the interest, which was indorsed on the bill of sale.

On the 9th March, 1833, one Samuel Kenard commenced an action of trespass against Cutler for breaking and entering his close and cutting trees, and having obtained a judgment in that suit, he, on the 6th October, 1834, sued out an execution, and delivered the same to the defendant, a deputy sheriff, who, on the 31st October, 1834, seized the said property by virtue of the execution, and sold the same, and applied the proceeds in satisfaction of the execution.

Cutler was in debt at the time he made the said conveyance to the plaintiff.

There being no controversy between the parties as to these facts, the court directed a verdict for the defendant—which was taken, subject to the opinion of the court upon the foregoing case.

*Gregg*, for the plaintiff.

*J. U. Parker*, for the defendant.

Richardson, C. J., delivered the opinion of the court.

If Kenard had been a creditor of Cutler at the time when the property was conveyed to the plaintiff, no doubt could have existed that the conveyance must have been deemed fraudulent and void with respect to Kenard. For the conveyance was absolute in its terms, and yet it was attended with a secret trust that must be deemed a fraud as against all who were creditors of Cutler at the time. 3 *N. H. R.* 415, *Coburn* vs. *Pickering;* 4 *do.* 176, *Parker* vs. *Pattee;* and 309, *Trask* vs. *Bowers;* 5 *do.* 364, *Lewis* vs. *Whittemore;* 7 *Cowen* 732, *Stutson* vs. *Brown*.

But it is insisted, in the first place, that as Kenard's claim against Cutler arose from a trespass committed by the latter, Kenard was not a creditor of Cutler with respect to whom the conveyance can be considered as fraudulent.

The law is, however, settled to be otherwise. The statute 13 Eliz. c. 5, sec. 2, which has been adopted in this state,

declares " That all conveyances made to delay, hinder or de-
' fraud creditors *and others* of their just and lawful actions,
' suits, debts, accounts, damages, penalties and forfeitures,
' shall be void.   And Lord Coke says this act doth not only
extend to creditors, but to all others who had cause of action
or suit, or any penalty or forfeiture.   *5 Coke* 82.   And this
opinion of Coke has been confirmed in many cases since
his time.   *Roberts on Fraudulent Conveyances* 455; 1
*Fonb.* 277; *Newland on Contracts* 389; 18 *John.* 425,
*Jackson* vs. *Myers*; 1 *Eq. Ca. Abr.* 149.

   And we are of opinion that Kenard's claim was one which
the statute was intended to aid and protect.

   It is, in the next place, urged that as Kenard's claim
against Cutler arose after the conveyance of the goods to
the plaintiff, the case is not within the intent and meaning
of the statute.

   But it is held, that even a settlement by a parent upon a
child, when the parent is involved in debt, is void as to sub-
sequent creditors.   *Comyn's Rep.* 255, *St. Armand* vs. *The
Countess of Jersey*; 3 *Johns. Ch. Rep.* 481, *Read* vs. *Liv-
ingston.*

   Although a voluntary settlement by a parent, who is not
in debt, upon a child, is good against subsequent creditors,
unless actual fraud is shown.   3 *Johns. Ch. Rep.* 481; 4
*Green.* 195, *Howe* vs. *Ward*; 5 *Vesey* 384, *Lush* vs. *Wil-
kinson*; 1 *Swanston* 106, *Battersbee* vs. *Farrington*; *Rob.
on Fraud. Conv.* 16—30; 5 *Cowen* 67, *Jackson* vs. *Sew-
ard*; 9 *Vesey* 194, *George* vs. *Milbanke*; 11 *Mass. R.*
421, *Bennett* vs. *The Bedford Bank*; 9 *do.* 390, *Parker*
vs. *Procter.*   And there are stronger reasons for holding
that a conveyance, absolute in its terms, but attended with
a secret trust, made by a person in debt, should be deemed
fraudulent with respect to subsequent creditors.   For such
a conveyance is quite as likely to delay, hinder and defraud
such creditors as those who were creditors when the con-
veyance was made.   And it has been settled in this state,

that such a conveyance is void with respect to subsequent creditors. 6 *N. H. R.* 67, *Smith* vs. *Lowell.*

It is further insisted that the question of fraud ought to have been determined by the jury.

But the bill of sale was absolute on the face of it; and it was not disputed that it was attended with a secret trust. The fraud, then, was an inference of law which the court was bound to pronounce, and there was nothing on that subject to be submitted to a jury. 3 *N. H. R.* 415, *Coburn* vs. *Pickering.*

We are of opinion that there must be

*Judgment on the verdict.*