Mr. Justice Thacher
delivered the opinion of the court.
This was an action of detinue, instituted in the circuit court of Marshall county, to recover a slave and her child, which had *310 been conveyed by James Wyse to Gardley, as trustee for Ferriday, to secure a debt due by Wyse to Ferriday. The deed was executed May 10, 1840, and recorded in Leake county, where Wyse resided. Subsequently Wyse carried the slaves to the county of Marshall, and in the spring of 1841 sold them to Bogard. The deed has never been recorded in Marshall county. By the deed, Wyse was permitted to retain possession of the slaves until January 1, 1841. A bill of sale of one of the slaves, from one Blackwood to David S. Wyse, a child of James Wyse, was exhibited in evidence on the trial, dated in 1838 ; and it appears that Wyse had paid the consideration of the bill of sale, and had procured the bill of sale to be made in this child’s name, intending the same as a gift to him.
The ground assumed in this case, that the slaves in question are the property of David S. Wyse, cannot avail. It seems clear, front an examination of a copy of a record of judgment introduced as evidence on the trial, that James Wyse, the father, was indebted to Ferriday in an amount of at least three thousand dollars at and before the date of his purchase of the slave for his child. Such a gift, and under such circumstances, according to the best received authorities, cannot be sustained. A voluntary conveyance will never be upheld to defeat a prior creditor, whatever be the amount of his demand, and there is no exception in favor of dispositions made by parents in favor of children. Doe, dem. O'Daniel v. Crawford, 4 Dev. 197. But even were Ferriday a subsequent creditor, it might then be a question whether the conveyance had not been procured to be made fraudulently as against him, which is a matter peculiarly within the province of a jury to decide, and one which, when once found, is not tobe disturbed on light grounds. Bennet v. Bedford, 11 Mass. 421; Damon v. Bryant, 2 Pick. R. 411; 2 Kent. 441.
The removal, by the grantor in the deed of trust, of the slaves from Leake to Marshall county, is not shown to have been done with the permission of the trustee, or cestui que trust, who claimed title under the deed. The statute H. & H. 344, s. 4, requiring a deed respecting personal property to be recorded in *311 the county to which the property is removed, does not affect the lien previously attached by th§ deed, without such removal is shown to have been made with the consent, permission, or participation of the person claiming title under it.
The fact that the grantor in the deed of trust retained possession of the property conveyed, was no evidence of fraud, because, by our statute of frauds, H. &H. 371, s. 2, the deed having been recorded, his possession was lawful. His possession, after the period which, by the terms of the deed of trust, payment should have been made, or the consequences of the deed followed, although it might have been prima facie evidence of fraud, could not be regarded as fraud per se, and that inquiry was a matter for the jury.
The judgment of the court below is affirmed.
Mr. Justice Clayton, having been counsel below, gave no opinion.