Stein and another vs. Hermann, Garnishee, etc.

*Chattel mortgage — Fraud — Rights of creditors.*

1. Whether a chattel mortgage, which does not state truly the amount and character of the indebtedness secured by it, is valid against creditors, *quære.*

2. In garnishment against a chattel mortgagee of the principal debtor, in possession, the mere fact that he was liable as indorser for the mortgagor when he took possession would not preclude a recovery against him, in the absence of proof that he had been discharged from such liability, if the mortgage was given for a sum greater than his liability, and this for the express purpose of hindering the mortgagor's creditors.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendant was garnished in an action by the plaintiffs against one Wiener; and issue was joined on his answer. He had taken into his possession a stock of goods belonging to Wiener, and had sold a part of them and retained possession of the remainder; and he claims a right to the possession under a chattel mortgage from Wiener, dated February 2, 1867, conditioned for the payment of $1,500, and interest in one year, according to the terms of a promissory note of the same date. The real consideration for the note and mortgage, as claimed by him on his examination, was a loan to Wiener of about $100, and the fact that he had indorsed several notes of Wiener as follows: One for $250 and one for $200, to one Teweles, dated July 6, 1866, and payable one day after date; one to Reichmann, dated October 5, 1866, at four months, for

$200, and another, dated December 1, 1866, at three months, for $200; one to Jacobs, dated January 26, 1867, at two or three months, for $210; and one to Schram, dated January 30, 1867, at thirty days, for $317. The defendant, on his examination, February 21, 1867, admitted that he had not paid any of these notes, or any part of them, and that he had not been called upon to pay them, except that Reichmann at some time, he thought at the time the first note to him became due, told him that that note was not paid, and he (defendant) promised to pay it. On the trial in September following, it appeared that defendant had paid the two notes to Reichmaun some two months before that time. The evidence tended to show that the stock of goods mortgaged continued in the sole possession of the mortgagee, and he continued to dispose of the same in the regular course of trade; that he kept no books or memoranda of amounts received or paid out, and was not required by defendant to do so; that none of the proceeds were paid to defendant, but a part of them were paid to other creditors, and when Wiener informed defendant of this, stating that "he owed some money and guessed he could get along with the business," defendant merely replied, "You must try your best;" and that when defendant took possession of the stock, some ten or eleven days after the date of the mortgage, the inventory of goods then taken, as compared with the schedule attached to the mortgage, showed a reduction of more than one-half in the number of the leading articles, consisting of coats, pants and vests. These and some other circumstances were relied upon by plaintiff, as showing that the mortgage was given and received with the purpose of defrauding Wiener's creditors.

At the request of plaintiff's counsel, the court gave the following instructions to the jury: "1. A mortgage, in order to be good as against attaching creditors, must be for a good consideration, and be given in good faith, and not for the purpose of hindering, delaying or defrauding others. 2. It must dis-

close the real nature of the transaction. * * 5. Smallness of consideration does not always invalidate a conveyance as against other creditors; and so an adequate consideration is not alone sufficient to uphold a mortgage, when the same is executed for the purpose of hindering, delaying or defrauding creditors. * * 9. Even if the consideration of the conveyance was in part good, if the same was purposely and fraudulently increased, so as to have it appear on its face more than there was due in fact, the mortgage is void *in toto*." At the request of the defendant, the following instructions were given: "1. If the mortgage was given to secure *Hermann* for liability on his indorsement of Wiener's notes, then defendant had a right to possession of the goods, and they must find for him. 2. Such indorsement was a good consideration for the mortgage, and if it was executed to secure defendant for his indorsement, and with no fraudulent design on defendant's part, the jury must find for him. 3. To warrant a finding that the mortgage, which was for a good consideration, and executed in the usual manner of transactions of that kind, was invalid, it must be shown affirmatively, that it was executed with a design to which defendant was privy, to defraud the creditors of Wiener. * * 5. If defendant indorsed Wiener's notes, he incurred a liability which was a sufficient consideration for the mortgage, and it is incumbent upon the plaintiffs to show that that liability was discharged at the time defendant took possession of the goods under the mortgage, or the jury must find for defendant."

Verdict for defendant; new trial denied; and plaintiffs appealed from a judgment on the verdict.

*Mann & Cotzhausen*, for appellant, to the point that a chattel mortgage, to be valid against creditors, must show the real extent and nature of the indebtedness it is given to secure, cited 4 Kent's Com. 176; *Pettibone v. Griswold*, 4 Conn. 158; 13 id. 376; 14 id. 79; 15 id. 19; 24 Barb. 79; 2 Wend. 597; 8 id. 339. To the point that the circumstances in proof showed the trans-

action to be fraudulent, and that the verdict should have been set aside for that reason, they cited 13 Wis. 629 ; 14 id. 487 ; 2 Wend. 596 ; 12 Abb. 143 ; 5 Seld. 216 ; 3 Met. 117 ; 4 Comst. 587 ; 24 N. Y. 364.

*R. N. Austin*, for respondent, to the point that the consideration for the mortgage was sufficient, and was sufficiently expressed therein, cited 1 Pick. 398 ; 5 id. 59 ; 12 id. 557 ; 18 id. 394 ; 4 Duer, 107 ; 5 id. 434 ; 11 N. H. 251 ; 15 id. 109 ; 7 Cush. 456 ; 12 Mass. 300 ; 5 Greenl. 96 ; 2 Hilliard on Mort. 286, 289. If the question of fraud was properly submitted to the jury, their finding is conclusive. 2 Duer, 99 ; 12 Cranch, 530 ; 13 Barb. 326 ; 20 id. 26.

PAINE, J. The argument of the appellants' counsel to the effect that the chattel mortgage involved in this case should be held void as to creditors for the reason that it did not state truly the amount and character of the indebtedness secured by it, was very forcible, and was supported by several high authorities. But, without determining that question, the judgment must be reversed for error in giving the fifth instruction asked by the defendant; which was as follows: " That if the defendant indorsed the note of Wiener, he thereby incurred a liability which was a sufficient consideration for the mortgage, and it is incumbent on the plaintiff to show that that liability was discharged at the time defendant took possession of the goods under the mortgage, or the jury must find for the defendant." This instruction ignores all question as to whether the mortgage was given for a larger amount than the defendant's indorsements, and this for the express purpose of covering up the property from Wiener's creditors, and directs the jury to find absolutely for the defendant in case he had indorsed the notes of Wiener and they were not discharged. It is very obvious that, although both those facts were true, the mortgage might still have been given for the very purpose of

hindering and delaying Wiener's creditors, as there was much evidence tending to show it was given. And if this was so, it would be void as to the creditors.

If the only idea intended to be conveyed by that instruction was, as counsel suggested, that the indorsement of Wiener's notes was a sufficient consideration to uphold the mortgage, it was unfortunately drawn, for it clearly covers much broader ground.

*By the Court.* — The judgment is reversed, with costs, and a *venire de novo* awarded.