(Decided 8th February, 1876.)

---

THEODORE COOKE, garnishee of ISRAEL COOKE *vs.* HARRIET COOKE.

*Inchoate lien by Attachment—Statute of* 13 *Eliz., ch.* 5, *construed to embrace actions of Slander—Amendment of declaration— Fraudulent conveyances—Burden of proof—Evidence to prove fraudulent intent.*

A party acquires an *inchoate* lien on property by a writ of attachment laid in the hands of the grantee.

The statute of 13 *Eliz., ch.* 5, declares, that "any conveyance, &c.; made to the end, purpose and intent, to delay, hinder or defraud *creditors and others*, of their just and lawful actions, suits, debts, accounts, damages, penalties; &c., shall be void." HELD :

That this statute embraces an action of slander pending against the grantor in a bill of sale sought to be impeached, at the time the bill of sale was made.

Where a defective declaration is subsequently amended, the action remains the same, and by necessary legal intendment was brought for the cause ultimately declared on.

A transfer of property to be valid under the *Stat. of* 13 *Eliz., ch.* 5, must not only be made on good consideration, but must also be *bona fide.* If not made in good faith, it is void, although the grantee may have paid a full consideration.

Although a bill of sale be made on good consideration, yet if it was executed by the grantor for the purpose of defrauding the plaintiff in an action of slander then pending against him, or preventing her from reaping the fruits of the judgment in that action should such judgment be recovered, and the grantee in the bill of sale had knowledge, of and participated in this purpose, it comes within the statute and is therefore void.

The burden of proof in such case rests upon the party assailing the conveyance.

In regard to the nature and character of the evidence admissible in cases involving fraudulent intent of parties, a wide latitude is allowed ; the true test being whether the facts sought to be admitted, tend to throw light upon and explain the true nature of the transaction. Not only then are the acts and declarations of parties made contemporaneously with the conveyance admissible, but also such as are prior thereto, provided they refer to and are connected with it.

A. brought an action of slander against B. in the year 1870, and recovered judgment thereon. In the year 1873, while said action was pending, B. made a bill of sale to C. In an attachment issued upon the judgment and laid in the hands of C., A., in order to prove the fraudulent purpose of B. the grantor, proposed to offer certain declarations made by B. in the years 1866, 1869 and 1870, to the effect *"that he intended to convey* his property *and cheat his creditors—that he would carry A. from Court to Court and wear her out, and that he would fix his property so that she should never get a cent,"* &c. As far back as the year 1866, a controversy was pending between A. and B. in the Orphans' Court of Baltimore City, in regard to the estate of their deceased brother, and the slander suit grew out of this controversy. HELD :

1st. That under the circumstances the declarations were admissible for the purpose of showing the fraudulent intent of B., to be ruled out, however,

by the Court, if the plaintiff in the subsequent progress of the trial failed to connect such declarations with the bill of sale in question.

2nd. That this fraudulent purpose of B. could not affect C. the grantee, unless the plaintiff could further show that he had knowledge of and participated in it.

3rd. That fraudulent intent on the part of C. the grantee, was necessary to be proven not by the testimony of two witnesses, or one witness with corroborating circumstances, but from all the circumstances surrounding the transaction.

APPEAL from the Superior Court of Baltimore City.

The appellee having recovered a judgment against Israel Cooke, in an action of slander, caused an attachment to be issued and laid in the hands of the appellant. Verdict was rendered for the plaintiff, and a judgment of condemnation was entered against the garnishee for $1000, with interest, &c. The garnishee prosecuted this appeal. The case is further stated in the opinion of the Court.

[It has not been deemed necessary to state the nature of the exceptions taken to the evidence offered, or to set out the prayers at length, as they are not specifically adverted to in the opinion, and to do so would make the case very lengthy. The references in the appellant's argument to particular exceptions and prayers, will sufficiently explain themselves.—REPORTER.]

The cause was argued before STEWART, BOWIE, MILLER, ALVEY and ROBINSON, J.

*N. M. Pusey*, for the appellant.

An attachment upon judgment cannot be laid in the hands of a garnishee, in order to charge him in respect of chattels conveyed to him by bill of sale, when the defendant to the judgment, who is also the grantor in the bill of sale, is, *at the date of the attachment, in the actual possession of the chattels.* Attachments upon judgment were not intended as an additional remedy against the defendant to the judgment, but merely as a mode by

which the plaintiff could proceed against property or credits of the defendant in the plaintiff's own hands, or in the hands of some person, other than the plaintiff or the defendant. *Art.* 10, sec. 30, *of the Code; Davidson's Lessee vs. Beatty*, 3 *H. & McH.*, 617, 618.

A party cannot at law, attack the *bona fides* of a bill of sale of chattels, unless he has obtained a lien upon them. *Wanamaker vs. Bowes*, 36 *Md.*, 57.

At the trial of this cause, the appellee was permitted, for the purpose of impeaching the *bona fides* of the bill of sale of 17th April, 1872, to introduce in evidence, declarations of Israel Cooke, *made in the years* 1865, 1866 *and* 1869. The action of the Court in admitting these declarations in evidence, is the basis of the appellant's second and third exceptions and ninth prayer. The Court erred in admitting this evidence and in refusing this prayer.

1st. Because the suit in which the judgment was obtained upon which this attachment was issued, not having been instituted until long after the time the declarations were alleged to have been made, they could have had no reference to that suit ; being so long anterior to the date of the bill of sale, they do not form a part of the *res gestæ* of that transaction, and cannot throw any light upon the intentions of the parties thereto.

2d. These declarations, not having been brought home to the knowledge of the grantee, (the appellant,) should not be permitted to affect him or his rights. Only those declarations of the grantor are admissible which refer to the transaction sought to be impeached, which constitutes a part of the *res gestæ*, and which are brought home to the knowledge of the grantee. A party attacking the *bona fides* of a deed or bill of sale, must not only show fraud, or an intention to defraud, on the part of the grantor, but also, a knowledge thereof and participation therein, by the grantee. 1 *Greenleaf on Evid.*, sec. 108 ; *Rea vs. Missouri*, 17 *Wallace*, 544 ; *Waters' Lessee vs. Riggin*, 19 *Md.*, 553, 554.

The appellant's third prayer should have been granted.

1st. Because at common law, the bill of sale was not avoidable by the appellee. Harriet Cooke did not become *a creditor* of Israel Cooke, until the 26th of April, 1873, the date of her judgment. Fraudulent gifts and conveyances were not, at common law, avoidable by persons who became creditors subsequent to the making of them. *Bouvier's Law Dict., Title "Creditor;"* 1 *Maddock's Chancery,* 221; *Bacon's Abridgment, Title "Fraud,"* subtitle, *(C) Fraudulent conveyances to defeat creditors; Bohn vs. Headley,* 7 *H. & J.,* 259, 271.

2nd. The bill of sale cannot be impeached by virtue of the provisions of statute 13th Eliz. ch. 5, because Harriet Cooke did not, at that time, belong to that class of persons whom the statute was designed to protect. The statute relates to *creditors* only. *Cadogan vs. Kennet, Cow.,* 434. It does not even appear, that at the date of the bill of sale, the alleged slanderous words, by reason of which Harriet Cooke obtained her judgment, had been uttered. From an inspection of the declarations filed in the "slander case" it would seem, that they had not been spoken at that time, and in the absence of evidence to the contrary, *the presumption is, that they had not been.*

The appellee's first prayer was clearly wrong in instructing the jury to find for the plaintiff, if they believed the bill of sale was contrived to hinder, delay and defeat her, "in respect of her then pending action at law against Israel Cooke." That pending action was the one which was set forth in the plaintiff's first amended declaration, which, by the *concessum* of the plaintiff herself, was totally groundless.

The Court erred in refusing the appellant's eighth prayer, because, if the appellee had filed a bill in equity, to have the bill of sale set aside as fraudulent, and had called upon the appellant *to answer, under oath,* as to his motives and intentions, under the influence of which the

bill of sale was made, she would have been bound by his answer, unless she overcame it by the testimony of two witnesses, or by that of one witness with corroborating circumstances. Why should she not be bound, in like manner, if she place him upon the stand as *her witness*, and examine him as to his motives and intentions in taking the bill of sale? She has done this, and it is submitted, that she has brought herself under the well established rule in equity, as above referred to. *Glenn vs. Grover, et al.*, 3 *Md.*, 214, 215, 229 ; 3 *Greenleaf on Evid.*, sec., 250.

*A. W. Machen*, for the appellee.

The Statute of 13th Elizabeth, ch. 5, extends to future as well as existing debts, and a deed having for its object to defraud future creditors is void under that Statute. *Barling vs. Bishopp*, 29 *Beav.*, 417 ; *Jackson vs. Myers*, 18 *Johns.*, 425, where a conveyance made pending an action of *slander*, was held void as against one claiming under judgment. *Wilcox vs. Fitch*, 20 *Johns.*, 472, the case of an action of ejectment and succeeding action for *mesne* profits, and a conveyance made before the judgment in the ejectment.

In a case of actual fraud, there is no distinction between prior and subsequent creditors, if the fraud had reference to such subsequent creditors. *Moore vs. Blondheim*, 19 *Md.*, 172 ; *Williams vs. Banks*, 11 *Md.*, 198, 243 ; *Parish vs. Murphree*, 13 *How.*, 99 ; *Feigley vs. Feigley*, 7 *Md.*, 562.

A purchase for a full price will not protect the vendee, if the object was to defeat a creditor's execution. The sale must be *bona fide*, as well as for valuable consideration. *Beals vs. Guernsey*, 8 *Johns.*, 446 ; *Glenn vs. Grover*, 3 *Md. Ch. Dec.*, 29 ; *Worthington vs. Bullitt*, 6 *Md.*, 201.

For a statement of the various circumstances tending to show fraud in cases of this nature, see *Foley vs. Bitter*,

34 *Md.*, 646 ; *Shaferman vs. O'Brien,* 28 *Md.*, 675 ; *Feigley vs. Feigley,* 7 *Md.*, 562 ; *McDowell vs. Goldsmith,* 6 *Md.*, 344 ; *Walter vs. Riehl,* 38 *Md.*, 211; *Curtis vs. Moore,* 20 *Md.*, 93 ; *Garrett vs. Hughlett,* 1 *H. & J.*, 3 ; *Alex. Brit. Stat.*, 383 ; *Bump on Fraud. Con.*, 321, 324 ; *Drury vs. Cross,* 7 *Wallace*, 302, 303 ; *State, use, &c. vs. Benoist,* 37 *Missouri,* 515.

The bill of sale was properly admitted in evidence, and it was perfectly competent to the plaintiff to impeach it as fraudulent, under an attachment on judgment—which is a writ of execution. *Wanamaker vs. Bowes,* 36 *Md.*, 42, the case cited and relied on by the appellant's counsel, so far from showing the contrary, by necessary implication sustains this proposition. That was an attachment on original process, and *void* for want of a sufficient bond. The Court adverting to the defect, and stating that "the attachment was illegal and void," say, "the defendant being thus *without the protection of valid legal process, &c.,*" 36 *Md.*, 56. And it was admitted in argument, that if the attachment there had been valid, it would have been competent for the plaintiff to show that the deed was fraudulent. *Ib.* 52.

By a valid attachment laid in the hands of the grantee in the deed, the plaintiff *does* acquire a lien upon the property. *Foley vs. Bitter,* 34 *Md.*, 646, 650 ; *Curtis vs. Moore,* 20 *Md.*, 93.

Under the circumstances of this case, the declarations of Israel Cooke, proved by Morford, Mrs. Willis and others, were competent evidence to go to the jury. It is impossible to maintain that in cases of fraud participated in by several, every piece of evidence shall point directly to all. Here it was necessary, amongst other things, to prove the *animus* of Israel Cooke ; and that could in no manner be so satisfactorily shown as by his own declarations, made with reference to the plaintiff. It is objected that some of these declarations are separated by a considerable interval

of time from the execution of the bill of sale. But they all *precede* its execution, and they all relate to the subject-matter of it. If the issue were simply between Harriet and Israel Cooke, the pertinency of the evidence, as bearing upon the question of Israel Cooke's motives in making the bill of sale, could not be questioned. The fact that another party has united in carrying out the fraudulent design which those declarations indicated, does not render them less pertinent ; although such fact of fraudulent participation, of course, needs to be proved by other evidence. *McDowell vs. Goldsmith*, 6 *Md.*, 344 ; 1 *Taylor's Ev.*, secs. 528, 529.

In truth, while the forms of the litigation have varied, and the causes of action differed—although there is a certain connection between the causes of action—the controversy between Harriet Cooke and Israel Cooke has been continuous and uninterrupted ever since the petition was filed in the Orphans' Court on the 10th of February, 1866; and animosity to his sister, and a stubborn determination to defraud her of the fruits of any success at law, have been the ruling principle in the mind of Israel Cooke throughout.

In cases of fraud, much latitude in regard to the admission of declarations has always been allowed, for in this class of cases, no circumstances will be rejected which can by possibility, tend to unravel the web of deception and secrecy in which fraud will always endeavor to envelope its designs. *Richards vs. Swan*, 7 *Gill*, 375 ; *Waterbury vs. Sturtevant*, 18 *Wend.*, 360, *per Cowen, J.; Ib.*, 364, *per Edwards; Curtis vs. Moore*, 20 *Md.*, 96.

There is nothing in the fact, so much insisted upon by the appellant, that the verdict in the slander suit was rendered upon an amended, instead of the original declaration. The action is the same, and by necessary legal intendment was brought for the cause ultimately declared on.

The rule of evidence invoked by the garnishee in his eighth prayer, is peculiar to chancery, and has no applicability here. *Dorn vs. Kostner*, 16 *Md.*, 145 ; *Brooks vs. Thomas*, 8 *Md.*, 367.

ROBINSON, J., delivered the opinion of the Court.

Judgment was recovered by Harriet Cooke against Israel Cooke, in an action of slander, for the sum of five thousand dollars. While the suit was pending, Israel Cooke, the defendant, conveyed to Theodore Cooke, his son, certain goods and chattels, the consideration set forth in the bill of sale being one thousand dollars. Upon the judgment thus recovered, attachment was issued and laid in the hands of Theodore Cook as garnishee.

The bill of sale being valid as between the parties, the appellant contends that its validity cannot be impeached *at law*, except by a party having a lien on the property.

Conceding this to be true, it is well settled, we think, in this State, that a party does acquire an *inchoate lien* on property, by a writ of attachment laid in the hands of the grantee. *Curtis vs. Moore*, 20 *Md.*, 93 ; *Foley vs. Bitter*, 34 *Md.*, 650.

In *Wanamaker vs. Bowes*, 36 *Md.*, 42, no such lien was acquired, because the writ of attachment itself was invalid.

Then again, it is said, that Harriet Cooke was not a creditor of Israel Cooke, at the time of the execution of the bill of sale, and that *the action of slander* then pending, is not within the protection of the Statute of 13 Elizabeth, chapter 5.

Now that statute declares that "any conveyance, &c., made to the end, purpose and intent to delay, hinder or defraud *creditors and others*, of their just and lawful actions, suits, debts, accounts, damages, penalties, &c., shall be void." The object of this statute, was the suppression of frauds, and ought to receive a liberal construction.

Cooke, Garn. *vs.* Cooke.

So early as *Twyne's Case*, 3 *Coke's Rep.*, 83, it is said to have been resolved by all the barons:

"That the statute of 13 Eliz., ch. 5, extends not only to *creditors, but to all others who had cause of action or suit, or any penalty or forfeiture;*" and since then it has been repeatedly held to embrace actions of slander, trespass and other torts. *Jackson vs. Myers*, 18 *Johns.*, 425 ; *Fowler vs. Frisbie*, 3 *Conn.*, 320 ; *Hall vs. Sands*, 52 *Maine*, 355 ; *Barling vs. Bishop*, 29 *Beav.*, 417 ; *Langford vs. Fly*, 7 *Hump.*, 585.

The mere fact that the declaration in the action for slander brought by Harriet Cooke was defective, and did not set forth a good cause of action at the time the bill of sale was executed, does not in any manner affect the question, because the action remained the same, and by necessary legal intendment was brought for the cause ultimately declared on.

But it is further contended, that Theodore Cooke was a purchaser for a valuable consideration, and that the conveyance is therefore exempt from the operation of the statute. It is a sufficient answer to say, that the transfer must not only be made on good consideration, but must also be *bona fide.* If not made in good faith it is void, although the grantee may have paid a full consideration, for the law will not permit one man to assist in cheating another. *Cadogan vs. Kennet, Cowper*, 432 ; *Worseley vs. DeMattos*, 1 *Burr.*, 461; *Devon vs. Watts, Doug.*, 86 ; *Stein vs. Herman*, 23 *Wis.*, 132 ; *Robinson vs. Holt*, 39 *N. H.*, 557 ; *Glenn vs. Grover*, 3 *Md. Ch. Dec.*, 29 ; *Worthington vs. Bullitt*, 8 *Md.*, 201. Admitting then, that the bill of sale in question was made on good consideration, yet if it was executed by Israel Cooke for the *purpose of defrauding Harriet Cooke, or preventing her from reaping the fruits of the judgment in the action of slander*, should such judgment be recovered, and Theodore Cooke the grantee *had knowledge of, and participated in this purpose*, it comes

within the statute, and is therefore void. The burden of proof, rests of course upon the appellee assailing the conveyance, for the law presumes it *bona fide* until the contrary is shown.

In regard to the nature and character of the evidence admissible in cases of this kind, involving the fraudulent intent of parties, a wide latitude is allowed. Fraud assumes so many shapes and disguises, that it can only be detected in many cases by a consideration of all the facts and circumstances surrounding the transaction, some of which when separately considered may seem trivial, remote and even disconnected. It is not easy therefore, to draw a precise line separating facts such as are fairly admissible, from others which ought to be excluded— the true test after all being whether they tend to throw light upon and explain the true nature of the transaction. Not only then are the acts and declarations of parties made cotemporaneous with the conveyance admissible, but also such as are prior thereto, provided they refer to and are connected with it. See cases referred to in 1 *Taylor on Evidence,* secs. 521, 529 ; also cases in *Bump on Fraudulent Conveyances,* 543-4-5.

"It is impossible," says Justice PARK in *Rawson vs. Haigh,* 2 *Bing.,* 104, "to tie down to time the rule as to such declarations," the question being " whether the declarations offered in evidence are so connected with the main fact under consideration as to explain its character, further its object, or to form in conjunction with it one continuous transaction."

From this record it appears the action of slander was brought in 1870, and the bill of sale was executed in 1873. Now in order to prove the fraudulent purpose of Israel Cooke, the grantor, the plaintiff proposed to offer certain declarations made by the grantor in the years 1866, 1869 and 1870, to the effect " *that he intended to cover up his property and cheat his creditors—that he would carry*

*Harriet Cooke, plaintiff below, from Court to Court and wear her out, and that he would fix his property so that she should never get a cent, &c."*   These declarations having been made prior to the institution of the action of slander in which the judgment was recovered, and upon which the attachment was issued in this case, and not appearing to have been made with reference to said suit, it might be fairly contended that they were inadmissible.   But it must be borne in mind that so far back as 1866, a controversy was pending between Israel Cooke and Harriet Cooke in the Orphans' Court of Baltimore City, in regard to the estate of their deceased brother Daniel Cooke; and that the slander suit grew out of this controversy.   So although the form of litigation varied, and the cause of action differed, the litigation between these parties continued.   Under such circumstances we think these declarations were admissible for the purpose of showing the fraudulent intent of Israel Cooke, to be ruled out by the Court, if the plaintiff in the subsequent progress of the trial failed to connect such declarations with the bill of sale in question.   This fraudulent purpose of the grantor could not of course affect Theodore Cooke the grantee, unless the plaintiff could further show that he had knowledge of and participated in it.

For the reasons above stated, we also think it was competent for the plaintiff to prove that the conveyances from Israel Cooke and Block to Cleveland, and from Cleveland to Cooke's wife, was a mere exchange of property by which Cooke was endeavoring to put the legal title of the property in his wife, with a view thereby to place it beyond the reach of his creditors.

Without meaning to intimate an opinion in regard to the weight of the evidence, the question as to the fraudulent intent of Theodore Cooke was, we think, properly submitted to the finding of the jury.   This intent on his part, it was necessary for the plaintiff to prove, not how-

ever by the testimony of two witnesses, or of one witness with corroborating circumstances as contended for by the appellant, but from all the facts and circumstances surrounding the transaction.

Finding no error in the rulings below the judgment will be affirmed.

*Judgment affirmed.*

(Decided 16th February, 1876.)