JOHN GEBHART *vs.* JOSEPH MERFELD and MOSES KEMPER, trading as MERFELD & KEMPER.

*A deed void as to Creditors and Others under the Stat. 13 Eliz.—Notice to Creditors and Others to file their Claims in Equity—Construction of Stat. 13 Eliz.—Construction of a Decree as to Costs—Allowance of Costs by Courts of Equity.*

H. E. being indebted to the appellees in a large sum of money upon note and open account then due, sold and conveyed to the appellant all his property consisting of certain leasehold estate, for a consideration set forth in the deed and subject to a mortgage. The prayer in the bill of the appellees to have this deed set aside was, that the conveyance might be declared void, and that the said property might be sold and the proceeds applied to the payment of the appellees' claim and of such other creditors who might become parties to the cause. It was shown that the grantor was indebted in large sums of money on mortgages to building associations, and to take up these and carry on his business, he negotiated a loan on mortgage of even date with the deed and therein recited, out of which loan the grantee in the deed paid off former incumbrances, leaving the grantor indebted to the grantee in the balance for which the sale was made to him; that the grantee had previously heard of the grantor's indebtedness to the appellees, although he did not know the amount, or whether the debt was still due. By the decree of the Court below granting the relief prayer, the trustee was directed to notify all persons having claims against H. E. to file their claims. The decree also ordered the appellant and H. E. to pay all the costs of the proceedings, including those already accrued or thereafter to accrue. HELD:

1st. That the coincidence in time of the date of the conveyance with the falling due of the appellees' claim, connected with surrounding circumstances, constituted strong proof of an actual intent in the grantor and grantee to hinder, delay and defraud other creditors of the grantor.

2nd. That the Statute of Elizabeth extends relief not only to creditors, but to all others, who have cause of action or suit, or any

penalty or forfeiture, and embraces actions of slander, trespass and other torts.

3rd. That, as to the costs, the decree should be construed with regard to the subject-matter, the controversy between the parties to the cause; and that collateral matters which might be introduced by petition subsequently, would be subject to the control of the Court according to the rules of equity.

Decrees will not be reversed on the ground of allowance of costs, that subject being particularly in the discretion of Courts of equity.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

*Henry C. A. Smith* and *Louis Hennighausen,* for the appellant.

*Moses R. Walter,* for the appellees.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

BOWIE, J., delivered the opinion of the Court.

The appeal in this case, is from a decree of the Circuit Court of Baltimore City, setting aside a deed, made by one Henry Engels to the appellant, upon a bill filed by the appellees. The bill in substance charges, that Engels being indebted to the appellees in a large sum of money upon note and open account then due, sold and conveyed to the appellant certain leasehold property, lying in the City of Baltimore, of large value, for a pretended consideration and subject to a mortgage; and that said conveyance was made by the grantor, and accepted by the grantee with the intent to hinder, delay, and defraud the appellees, and other creditors of the grantor; that the conveyance covers all the property of the grantor, and leaves nothing in his possession, out of which his debts can be satisfied, etc.

The allegations of the bill being put in issue by the answer of the appellant, and an interlocutory decree passed against his co-defendant, Engels, a commission was issued, under which testimony in behalf of complainants and respondents was taken and returned. And the cause being argued by counsel, the Court below passed the decree appealed from by the grantee.

The prayer of the bill is "that the conveyance from Engels to Gebhart may be declared void, and that the said property may be sold and the proceeds applied to the payment of the claim of your orators and such other creditors, who may became parties to this cause"—and for other and further relief.

The appellant's objections to the decree are first, to the form or certain details, and secondly, to the matter or substance, that it is not sustained by proof.

These objections will be considered in their inverse order.

The evidence consists of the cause of action, the ground of indebtedness of Engels to the appellees, being a promissory note dated December 1st, 1875, for $442.39, made by Engels, payable to the order of the appellees at six months after date, falling due the 1st and 4th of June, 1876, and an open account dated March 10th, for merchandise due from Engels to same amounting to $60.12, in all $502.51, proved by one of the appellees to be due and unpaid.

It is shown that Engels the grantor, was, if not technically insolvent, indebted in large sums of money on mortgages to building associations which he was unable to pay, and to take up these, and carry on his business, he negotiated the loan on a mortgage for $1800, bearing even date with the deed, which is impeached and therein recited, out of which the grantee in the deed paid off former incumbrances, still leaving the grantor indebted to the grantee, in the balance for which the sale is made to him.

It is also proved by the grantee, that he had previously heard of the indebtedness of the grantor to the appellees, although he did not know the amount or whether the debt was still due.

The relations between the grantor and grantee appear from the evidence to be such, that the latter, could not be ignorant of the former's condition as to his ability to pay his debts, and of the insufficiency of his other means, and the necessary effect of the conveyance of the property in question, to hinder and delay his other creditors. The coincidence in time, of the date of the conveyance with the falling due of the appellees, claim, connected with surrounding circumstances, constitute strong proof of an actual intent in the grantor and grantee to hinder, delay, and defraud other creditors of the grantor.

This Court, following the well considered adjudications of the English tribunals, and our sister States, construing the 13*th of Eliz.*, *ch.* 5, has held that it is necessary to the validity of such sales, that they should be not only on good consideration, but *bona fide*. *Flack, et al. vs. Charron, et al.*, 29 *Md.*, 311; *Cooke, Garn. vs. Cooke*, 43 *Md.*, 522, and that the intent with which such instruments are executed, must be gathered from facts and the surrounding circumstances.

With regard to the form of the decree, it is objected, that the decree is passed on a general creditors' bill, and none but creditors should be notified, whereas all persons having claims against Engels are notified to file their claims without regard to their nature.

It is a mistake to suppose that the Statute of Elizabeth only avoids deeds and conveyances coming within its provisions as to creditors.

It enacts that every conveyance made to the end, purpose and intent to delay, hinder or defraud creditors and *others* of their just and lawful actions, etc., shall be void. "It extends not only to *creditors*, but to all others who

have cause of action or suit, or any penalty or forfeiture; and embraces actions of slander, trespass and other torts." *Cooke, Garn. vs. Cooke,* 43 *Md.,* 522; *Sexton vs. Wheaton,* 1 *Amer. Lead'g Cases,* notes, *p.* 73; *Jackson vs. Myers,* 18 *Johnson,* 425; *Dillard vs. McGee,* 4 *Bibb,* 165; *Lowry vs. Pinson,* 2 *Bailey,* 324, 328, and other cases there cited.

Exception is also taken to the clause of the decree directing that the defendants pay all the costs of these proceedings, including those already accrued or hereafter to accrue, and all the costs and expenses of sale.

These provisions are said to impose upon the defendants the expense of all future litigation which may be engrafted on the case by other claimants however frivolous or unfounded.

The decree must be construed with regard to the subject-matter, the controversy between the parties to the cause. It is only on them the decree operates, and collateral matters, which may be introduced by petition subsequently, arising out of the distribution of the fund, will be subject to the control of the Court according to the rules of equity.

This Court has frequently decided that decrees will not be reversed on the ground of the allowance of costs, that subject being peculiarly in the discretion of Courts of equity.   34 *Md.,* 117; 30 *Md.,* 145.

The decree below will therefore be affirmed with costs to the appellees, and the cause remanded.

*Decree affirmed, and*
*cause remanded.*

(Decided 26th March, 1879.)