## COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed October 10, 1901.

RICHARD M. VENABLE ET AL., COMMITTEE OF THE SECOND BRANCH CITY COUNCIL

VS.

GEORGE M. UPSHUR ET AL., BOARD OF POLICE COMMISSIONERS.

*John P. Poe* and *John N. Steele* for Moses N. Frank, contestant.

*Edgar H. Gans* and *Geo. R. Gaither* for Wm. D. Platt, whose election is being contested.

*Alonzo L. Miles* for the Police Board.

PHELPS, J.—

Section 217 of the City Charter provides that "each Branch of the City Council shall judge of the election and qualifications of its own members, subject to appeal by petition to the Baltimore City Court. * * * Each Branch shall adopt its own rules of procedure, not inconsistent with this Article."

In view of this legislation, and claiming thereunder, the Second Branch of the City Council has adopted certain rules of procedure to be applied to an election contest for a seat in that body, one of said rules (No. 14) being as follows : * * *

"14. The Board of Police Commissioners in the City of Baltimore, to whom ballots are returned under the provisions of Article 33 of the Code of Public General Laws of Maryland, shall produce any such ballots in regard to which testimony may be proposed to be taken before the Second Branch of the City Council of Baltimore, only on an order first had and obtained from the President of the Second Branch City Council of Baltimore, or from one of the judges of one of the courts of Baltimore City, and then, in pursuance of the terms and conditions of said order, and subject to its restrictions."

Under this rule and for the purpose of recounting the votes a demand has been made upon the Board of Police for the production of certain ballot boxes in their legal custody.

The Board of Police, under advice of counsel, have declined to produce said ballot boxes unless required so to do by an order of court.

The petition in this case has been preferred by the members of the authorized committee of the Second Branch, applying for an order of court to that effect, and the first question to be determined is as to whether that rule of one Branch of the City Council is competent, in the assumed absence of specific legislation, (a question to be considered later), to give this court jurisdiction in the premises.

After mature consideration, I am constrained to conclude that question in the negative, and the positions advanced by petitioners will be briefly noticed in their order.

1. It is first claimed that the Charter having clothed the Second Branch with plenary jurisdiction over an election contest, all the powers necessary to make that jurisdiction effective must be implied as incidentally granted.

This position is untenable in the light of the decision in Groome vs. Gwinn, 43 Md. 522.

2. It is next claimed that under the power to adopt "rules of procedure," taken in connection with the power to adjudicate election contests, Rule 14 is valid and sufficient to confer the several powers and authorities therein specified.

This position is met by the objection that rules of procedure of deliberative bodies are internal regulations to promote the orderly dispatch of business, binding in general upon members only and upon those voluntarily coming within their sphere.

The custody, production and recounting of ballots are matters of State legislation. These matters, and the matter of summoning and swearing witnesses by a justice of the peace, and the jurisdiction of a court of law to coerce the Board of Police, are substantive powers, and not merely adjective subjects of rules of procedure.

All the research of learned counsel, supplemented by such investigation as the Court has been able to make, has not been able to produce a single adjudged case where, under a simple rule of the House, either of Congress, or of any State Legislature, or of any municipal council, powers like those attempted to be conferred by the rule of the Second Branch in this case, have been asserted and successfully maintained.

3. Section 133 of Article 33, Code of Public General Laws, evidently has no application, as already decided in the Wagoner case in the City Court in 1896, by Judge Dobler.

Section 71 of Article 33, so far as it relates to contested elections, must be construed with Section 133, *in pari materia.*

"Section 71 having thus provided that the ballots may be produced for this purpose (to correct the returns), Section 133 provides *how* they may be produced: First, before a justice of the peace; and secondly, when the court having jurisdiction in the case may desire to examine them." Leonard vs. Woolford, 91 Md. 635.

The "justice of the peace" mentioned in Section 133 as the one before whom the ballots are to be produced is the same justice of the peace pointed out in the context, Sections 125-129, and the competency of that justice is limited to the cases named in the context, Sections 119-120.

Cases like the one now before the Court are not included in this scheme of legislation, and it is much to be deplored that they are not.

The object aimed at by the petitioners is so perfectly fair and reasonable in itself that I have had much hesitation in coming to the conclusion that their petition will have to be dismissed for want of jurisdiction, and it is so ordered.