# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 6, 1905.

MAUD KING, INFANT, ET AL.

VS.

SAMUEL S. ELY, INFANT, ET AL.

*Thomas Hughes* for plaintiff.

*Coe & Hammond* and *Wm. G. Speed* for defendants.

DENNIS, J.—

The demurrer to this bill is sought to be supported upon five separate and distinct grounds.

(1) Because Wilcox, the co-surety with Mahlon S. Ely, on the bond of

Samuel S. Ely, trustee, is not made a party to the suit.

If the bill was filed for the purpose of collecting from Mahlon S. Ely, the amount due the trust estate, because of his suretyship on the bond of the trustee, this objection would be valid, because it is well settled that where the effort is made to collect from one surety the whole amount of the debt due by his principal, the other sureties must be made parties, or else their insolvency must be shown; and this rests upon the familiar principle of the right of contribution as between sureties.

But that is not the case.

The theory of this bill is that the said Mahlon S. Ely, being surety and liable as such under the trustee's bond, made a fraudulent transfer of his property in order to hinder and delay his creditors (the plaintiffs among others), and it asks to have that transfer set aside, the property sold, and the proceeds made applicable to said creditors.

Under the circumstances, there is no reason why the other surety should be made a party. The bill is not against a surety *in personam*, decreeing him to pay to the plaintiff the amount due; but is a proceeding against his fraudulent grantee for the purpose of having the fraudulent conveyance made by the surety to his grantee for the purpose of defrauding the surety's creditors, set aside the property sold, and the proceeds applied to the payment of the sureties' creditors.

The co-surety can have no interest in this controversy; and if made parties to this suit, could properly urge the defense of multifariousness. The principal of contribution can have no application; because the fraudulent grantee, if the conveyance is set aside, would have no cause of action against the fraudulent grantor for the purchase money, even if he had paid it in full (Cook vs. Cook, 43 Md., 531); so, *a fortiori*, the fraudulent grantee would have no claim for contribution against the co-surety of the grantor, because whatever rights the fraudulent grantee had, he could only have because he possessed them against his fraudulent grantor.

(2) Limitations is relied upon, upon the theory that where a trustee represents the cestui que trusts, the statute bars as effectively as if the latter were under no disability.

But here the suit is against the surety for a breach of trust committed by the trustee himself. Manifestly the trustee could not, and would not sue himself; and until there were parties who could sue, limitations would not run; and in this case, there were no such parties until by the death of the father, Charles King, the rights of the present plaintiffs became vested as cestui que trusts.

Until that event, they were simply contingent remaindermen, and the counsel for the defendant admit and urge for the purpose of maintaining another contention later on, that as such they would have no standing as plaintiffs in this case. That by the death of their father, the estate became a vested one in them, I do not think the learned counsel for the defense seriously deny; certainly, in my opinion, there, can be no question about it.

(3) Because on the face of the deed the transfer is shown to have been made for valuable consideration, and the payment of this consideration is no where attacked in the bill.

The deed is not set forth in the bill, nor filed as an exhibit; what its actual contents are can, therefore, only be known when it is produced in evidence; but the bill alleges that the consideration was only "nominal, simulated and pretended," and for the purpose of defrauding creditors, &c., and, upon demurrer, we must accept this allegation as true.

(4) The fourth ground of demurrer is that the failure of the trustee to reinvest the proceeds of sale, although required by order of the court, was not a duty within the purview of his bond, and therefore his sureties were not liable for his failure to make said investment.

The sale was made by the trustee in pursuance of the Act of 1868 (Code, Article 16, Section 198), which confers upon the court jurisdiction to sell real estate in which there are unborn remaindermen, &c., and the act specifically provides that when the property is sold the court shall direct the reinvestment of the proceeds of sale.

The court, in exercising this jurisdiction, must, of course, do so through the agency of its trustee appointed for the purpose. In this case the court appointed Samuel S. Ely trustee, to make the sale, and directed him by its

order passed on the auditor's account, to invest the sum of $1,430.

Now the bond provided for "the faithful performance" by the trustee "of the trust reposed in him by the *decree*, or that may be imposed in him by *any future decree or order in* the premises."

The order to invest was just such future order—as the bond contemplated; it was wholly cognate to, and necessary under the original decree, and clearly within both the terms and the intention of the bond.

I will overrule the demurrer with leave to the defendant to answer within fifteen days.