# GEORGE W. ROBBINS ET AL. *v.* WILLIAM A. DORSEY.

*Fraud as to Creditors—Conveyance by Husband—Evidence— Property Purchased with Wife's Earnings.*

Testimony by a husband and wife, on a contest with the husband's creditors, that the wife carried on a business the proceeds from which, as well as from her keeping of boarders, were utilized for the purchase of certain property, without any evidence as to what profits, if any, accrued from the business and the keeping of boarders, was so vague as to be without any substantial force on the question whether such purchase was intended to be in behalf of both husband and wife as tenants by the entireties.                              pp. 268, 269

That a husband and wife believed that the title to certain property, conveyed to the husband, stood in their joint names, because paid for from their joint earnings, was not ground for upholding, as against the husband's creditors, deeds by which the husband transferred the property to himself and his wife as tenants by the entireties, there being no evidence of fraud or mistake in connection with the deed by which the property was conveyed to the husband.           p. 269

Earnings by a wife from a store conducted by her, turned over by her to her husband, without any restrictions as to his use thereof, were to be regarded as his property as against his creditors, in the absence of evidence as to whether the capital invested in the store belonged to her or her husband, it appearing that for several years the trader's license was issued to the husband, though previously issued to the wife, and there being no evidence as to the ownership of the store or the stock of goods therein.                              p. 270

Where the effect of deeds by a debtor was to strip him of all tangible property from which a judgment could be collected, they were fraudulent in law against his existing creditors, whether or not fraudulent in fact.           p. 270

One may be a subsisting creditor, for the purpose of attacking a conveyance by the debtor, although his claim has not been reduced to judgment.                                    p. 270

Under Code, art. 45, sec. 1, a conveyance by a husband to himself and wife to hold by the entireties, if voluntary and without valuable consideration, is invalid as to creditors. p. 270

Since the provisions of Code, art. 16, sec. 178, that a party in equity, whose plea or demurrer is overruled, shall pay to the opposite party the sum of ten dollars, and be in contempt until he does so, is subject to the proviso "unless the court shall otherwise specially order," it will be presumed that it did so order, if it expressly authorized defendants, after the overruling of their demurrer to the bill, to file their answer and proceed with their defense.                                    p. 271

*Decided March 10th, 1926.*

Appeal from the Circuit Court for Anne Arundel County, In Equity (Moss, J.).

Bill by William A. Dorsey against George W. Robbins, Ida M. Robbins, and Winson G. Gott, trustee. From a decree for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*John S. Strahorn,* for the appellants.

*John B. Gray, Jr.,* with whom were *John B. Gray & Son* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

In nineteen hundred and five or six George W. Robbins and Ida M. Robbins, his wife, came to Annapolis to live. Robbins acted as agent for the Union Tea and Coffee Company, and his wife carried on a grocery store until some three or four years before this suit. Through economy and thrift they amassed a modest competence, represented by an

assessment on the tax books of Anne Arundel County of $2,683 in the name of George W. Robbins for 1923. $2,251 of this assessment was on a house, lot and garage on Woodlawn Avenue, in the village of Germantown, near Annapolis, which had been conveyed to Robbins apparently in 1920.

Robbins' duties as agent and salesman for the Union Tea and Coffee Company required him to operate a delivery truck, and on April 6th, 1923, suit was instituted against him and that company in the Circuit Court for Anne Arundel County by William A. Dorsey, for some cause not clearly disclosed by the record, but which it may be inferred grew out of his operation of that truck. The company was "discharged from the said suit," but subsequent proceedings therein resulted in a judgment against Robbins for $225, which was entered on November 9th, 1923.

On October 9th, 1923, Robbins, together with his wife, Ida M. Robbins, conveyed the property on Woodlawn Avenue to Winson G. Gott, trustee, who immediately reconveyed it to them as tenants by the entireties. On February 6th, 1924, a writ of execution was issued on the judgment against Robbins. In executing that writ the sheriff levied on a truck, which was the only property he could find in Robbins' name, and offered it for sale. The highest bid he received therefor was $95, and as Robbins as an insolvent debtor had claimed his statutory exemption of $100, the sheriff did not sell the truck, but returned the writ unsatisfied. On June 12th, 1924, the appellee filed the bill of complaint in this case to set aside the deeds of October 9th, 1923, on the theory that they were executed voluntarily to hinder, delay and defraud the appellee and other creditors of George W. Robbins.

Robbins and his wife first demurred to the bill, and upon the demurrer being overruled, they filed an answer setting up the following defence; that although the property stood in the name of Robbins, they believed, until informed to the contrary, that it was in his name and that of his wife as tenants by the entireties, and that the deeds had been executed to effect what had been their real intention when the

property was purchased; that it was purchased with funds jointly belonging to them, which had been accumulated through their joint efforts, and in support of that defence they alleged that, prior to October 9th, 1923, they had paid off a mortgage for $2,000 on the property in question and also a mortgage for $1,000 on property owned jointly by Robbins and his son, to whom, on October 9th, 1923, he conveyed his interest in that property. Further answering, they denied any intention of delaying, hindering or defrauding the creditors of Robbins, and Robbins individually denied that he had concealed any of his property for any such purpose.

Testimony was taken in connection with those issues and at its close a decree was entered annulling the deeds of October 9th, 1923, and directing the defendants George W. Robbins and Ida M. Robbins, his wife, to bring into court within thirty days the amount of the judgment, interest and costs, and in default thereof directing the property to be sold and such judgment interest and costs to be paid out of the proceeds thereof. This appeal is from that decree.

The testimony of Mr. and Mrs. Robbins in substance was that for some fifteen years the license for the grocery store was in her name, that she carried on that business, and that the "funds" or "proceeds" from that store were put in with "Mr. Robbins' earnings," as well as her profits from keeping boarders, as they had no separate account, and that the son's wages as well as the earnings of Mr. Robbins were also deposited to the same account; and that, as the property was bought with their joint earnings, they believed that the property had been conveyed to them jointly until they were informed to the contrary after the appellee had sued Robbins. Not only was this testimony uncorroborated, as neither the son, nor the conveyancer who drew the deeds conveying the property to Robbins, testified, but it was so incomplete and vague as to be without any substantial probative force. That is, it did not disclose whether the store was a profitable or an unprofitable venture, or if it was profitable how much it earned or who financed it, or what the wages of the son

were, or what profits if any were made by Mrs. Robbins from her boarders, or how many she had or when she kept them. The only other witness for the appellant was Andrew Krause, who said that Robbins, after Dorsey had sued him, told the witness that his (Robbins') property was not in danger as it was in his name and that of his wife jointly.

The record evidence, together with the testimony of Winson G. Gott, demonstrates that the deeds of October 9th, 1923, to which Gott was a party, were voluntary and without valuable consideration, unless the testimony to which we have referred was sufficient to justify the conclusion that, when the property was conveyed to Robbins, the deeds of conveyance, as a result of fraud or mistake, failed to express the true intention of the parties to them, and that the deeds vesting the title to it in Mr. and Mrs. Robbins as tenants by the entireties were executed to correct that mistake. But the testimony falls far short of that, for while Mr. and Mrs. Robbins both say that they believed that the title to the property stood in their joint names, they fail to show any reason for that belief, and a mere belief that the true meaning and effect of a deed is contrary to that clearly and definitely expressed by its language cannot ordinarily be regarded as a sufficient reason for reforming or correcting it where, as under the circumstances of this case, the rights of creditors would be affected by the change. And there is in the case no evidence whatever that the deed by which the property was conveyed to Robbins was in any manner affected by fraud or mistake. It does not appear that the draftsman who drew the deed failed to follow instructions given him, nor, indeed, that any instructions were given him, or if they were, what they were, or even who he was. The contention of the appellants appears to be that Mr. and Mrs. Robbins were justified in believing that the property was conveyed to them as tenants by the entireties from the assumed fact that it was paid for from their joint earnings, but that inference was not justified by the facts of the case. As we have already stated, it does not appear what if any

earnings of the wife were thus deposited, but even if she had actually earned a part of the sum standing in her husband's name, and had voluntarily turned it over to him, as she appears to have done, to be dealt with at his discretion, or at least without any limitations or conditions as to his use of it, it would at least as against his creditors be regarded as his property, whereas in this case it does not appear whether the capital invested in the store which she conducted and which was the source of her earnings belonged to her or her husband. *Plummer v. Jarman,* 44 Md. 638. For while it appears that for a number of years the traders' license was issued to her, for the last several years it has been issued to her husband, and aside from such inferences as may be drawn from the issuance of the license, there is no evidence at all as to who actually owned the store, and its stock of goods. In our opinion, therefore, the deeds from Mr. and Mrs. Robbins to Gott, trustee, and from him to them as tenants by the entireties, were voluntary and without valuable consideration. And since the effect of those deeds was to strip Robbins of all tangible property from which a judgment could have been collected, they were fraudulent in law against his existing creditors, and it becomes unnecessary to consider whether they were fraudulent in fact.

Although the appellee's claim had not been reduced to judgment, he was nevertheless, on October 9th, 1923, a subsisting creditor of Robbins (*Cooke v. Cooke,* 43 Md. 522; *Freedman v. Yoe,* 141 Md. 483, 27 C. J. 476), and the effect of the conveyances attacked by the appellee was to hinder, delay and defraud the creditors of Robbins, since they stripped him of all tangible property from which a debt could have been collected, which is conclusively shown by his claim for his statutory exemption of one hundred dollars, filed with the sheriff after he had levied upon the automobile truck, and, as we have already stated, they were voluntary and without valuable consideration, and were, therefore, under article 45, section 1, Bagby's Code, invalid. *Freedman v. Yoe, supra; Levi v. Rothschild,* 69 Md. 348.

No point was made in this court as to the action of the lower court in overruling the demurrer to the bill of complaint, and in respect to that it is sufficient to say that the bill appears to be in the usual form, and that the demurrer thereto was properly overruled.

The only other point presented by the record is the appellee's contention that under section 178, article 16, Bagby's Code, the appellants were in contempt of court because they did not pay to the appellee ten dollars when their demurrer was overruled. A sufficient answer to that contention is that by the very terms of the statute itself it does not apply where the court "otherwise specially" orders, and it will be presumed that it did so order, where it expressly authorized the defendants to file their answer and proceed with their defence.

From what has been said it follows that the decree appealed from will be affirmed.

*Decree affirmed, with costs.*