## KLOTZMAN *v.* BURMAN

[No. 300, September Term, 1960.]

*Decided June 13, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, HORNEY and MARBURY, JJ.

*Irving S. Friedman* and *Joel H. Pachino,* for appellant.

*Charles Mindel,* with whom were *Samuel D. Hill* and *Buck-
master, White, Mindel & Clarke* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for costs entered upon a
jury's verdict for the defendant in an action against the ac-
commodation guarantor of a promissory note for $10,000 ex-
ecuted by the two Tabackmans and their wives, as makers,
and upon which Klotzman, as payee, had advanced the money.
The Tabackmans were in the wholesale produce business as
commission merchants and had borrowed from Klotzman on
three previous occasions, either personally or in the names
of a firm and a corporation of which they were in complete
control. In defense of the action the guarantor claimed that
prior to his execution of the guaranty on the note prepared
by Klotzman's attorney, which showed on its face that no in-
terest was to be paid until maturity, one year after date, there
was an agreement between Klotzman and the Tabackmans
for the payment of $50 per week as interest and service charge
on the note in question. Burman testified that he would not
have signed the guaranty had he known of the agreement be-
cause he knew that with their small margin of profit the Ta-
backmans could not pay exorbitant interest and stay in busi-
ness. He signed on the express representation that no in-
terest would be charged or paid until maturity. He relied
upon the false representation, or concealment of a material
fact, as a fraud relieving him of liability.

The trial court submitted the case to the jury in a full
and careful charge to which no exceptions were taken by
the plaintiff-appellant. The only questions presented on this

appeal are whether the court erred in admitting into evidence a $10,000 note covering a prior loan from Klotzman to Baltimore Commission Co., Inc., guaranteed by the Tabackmans, and whether the court properly overruled the plaintiff's prayers for a directed verdict.

There is no merit in the first contention. The prior note was relevant to explain entries in the books of both Klotzman and the Tabackmans which were offered in evidence without objection and showed a pattern of payments of $75 per week on the prior loans, including the $10,000 note executed by the corporation, increased by $50 per week immediately following the execution of the note in suit. Circumstantial evidence of the attendant circumstances of a transaction and such other matters as conduce to establish a charge of fraud, are commonly admitted in cases of this sort. *Citizens Nat. Bank v. Custis,* 153 Md. 235, 247. Cf. *Cooke v. Cooke,* 43 Md. 522, 532, and *Geisey v. Holberg,* 185 Md. 642, 653. The appellant argues that details of the note, specifying an interest and service charge of $50 a week, were prejudicial and calculated to inflame the jury against a professional money-lender. However, although the appellant objected to the admission of the note, Klotzman had previously testified without objection as to his prior loans to the Tabackmans and particularly as to the corporation which was formed for the express purpose of validating an interest charge on the $10,000 loan which would otherwise have been usurious. Hence, it cannot be maintained that the error, if any, was prejudicial. *Journigan v. State,* 223 Md. 405, 412, and cases cited.

Assuming, without deciding, that the plaintiff's rejected prayers, included in the transcript but not printed in the record extract, were in compliance with Maryland Rule 552 a, we think the case was properly submitted to the jury. The appellant argues that there was no evidence of an agreement to pay interest on the note in suit from the date of its execution and that there was no evidence that such an agreement, if there was one, was made prior to the execution of the note in suit. We do not agree.

An inference may be drawn from the entries in the books.

and the compilations therefrom made by the auditors, showing that payments of the amounts in question began immediately following the execution of the note and continued regularly thereafter, that such payments were not on account of prior indebtedness but pursuant to a contemporaneous understanding of the parties. Moreover, although Klotzman denied that there was any agreement, Irvin Tabackman testified at one point that there was such an agreement with Klotzman and that it was made prior to the execution of the note in suit. It is true that subsequently he sought to qualify the admission by testifying that he had no recollection as to when the arrangement was made and that the only basis for his statement was what was in the books. He admitted that the checks for the items referred to were drawn under his direction and supervision. It was shown that prior to the trial he had given a statement under oath to the effect that there was no agreement with Klotzman either prior or subsequent to the making of the note in suit and that no payments of interest thereon had been made. This, however, did not nullify the effect of his admission on the stand. Cf. *Kaufman v. Baltimore Transit Co.*, 197 Md. 141, 145. Nor did his lack of recollection detract from the force of the permissible inferences to be drawn from the book entries.

*Judgment affirmed, with costs.*