(Decided 30th March, 1880.)

---

SAMUEL F. FULLER *vs.* J. B. BREWSTER & COMPANY.

*A deed not Fraudulent under 13 Eliz., ch. 5.*

L. for the consideration set forth in the deed, of a mortgage debt and a judgment, and in payment of this indebtedness, conveyed to S. all his interest in the real and leasehold property of his father, and also his distributive share of the personal estate, subject to a prior mortgage lien. It appeared from the testimony of the grantor and grantee, that the deed was made upon a good consideration, and *bona fide* in the payment of a debt due to S. It further appeared, that the disparity between the real value of the property, and the consideration set forth in the deed was not so glaring as to constitute such an inadequacy of consideration as justified an inference, or raised a presumption of fraud; that L. was insolvent, though this was not known to·S.; that L. continued to live in a house, his interest in which was conveyed to S. by the deed, but which had been recorded at once, and there was no evidence of a secret trust in favor of L.; that the mortgage debt was included in the judgment, and the note upon which the judgment was·confessed was antedated. On a bill filed by the appellees to set aside this deed, as made with the intent to hinder, delay or defraud L's creditors, it was HELD:

That the facts of the case (though some were suspicious) were not such as would justify the Court in declaring the deed as fraudulent.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, ROBINSON and IRVING, J.

*W. Burns Trundle,* for the appellant.

*Goodwin H. Williams* and *T. N. Williams,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The bill of complaint in this case is filed by the appellees, creditors of Lewis O. Fuller, to set aside a deed made by him to Samuel F. Fuller, his brother, as fraudulent under the Statute of 13 Elizabeth, ch. 5.

The consideration set forth in the deed, is a mortgage debt of $1240, and a judgment of $3916; and in payment of this indebtedness, the grantor conveys all his interest in the real and leasehold property of his father, William Fuller, deceased, and also his distributive share of the personal estate, subject, however, to a prior mortgage lien of three thousand dollars, in favor of Emma Spear and others.

The Statute of Elizabeth exempts from its operation all conveyances made *bona fide* and upon a good consideration.

The deed in this case is valid upon its face, and the burden of proof is upon the appellees to show either that the deed was not made upon a good consideration, or that it was made with a fraudulent intent on the part of the grantor, to hinder, delay or defraud his creditors, and that this intent was known to or participated in by the grantee. *Cook, Garnishee vs. Cook,* 43 *Md.,* 533; *Troxall*

*vs. Applegarth,* 24 *Md.,* 163; *Anderson vs. Roberts,* 18 *John.,* 515; *Cunningham vs. Dwyer,* 23 *Md.,* 219.

Now, to support the allegations in the bill, the grantor and grantee were both examined as witnesses on the part of the appellees, and if their testimony is to be believed, it must be conceded that the appellees have failed to impeach the consideration set forth in the deed.

Lewis O. Fuller, the grantor, it seems, commenced the livery business in Baltimore City in 1857, and he testifies that the grantee loaned to him money at sundry times to enable him to prosecute his business, and that the $1240 mortgage, dated 12th July, 1877, was executed to secure the different sums of money loaned to that date. That subsequently thereto he borrowed of the grantee other sums amounting to over two thousand dollars, and that the judgment of $3916 was confessed to secure these loans and future advances, and also the $1240 intended to be secured by the mortgage of July 12th, which the parties thereto had been advised was defective.

That in payment of this indebtedness he conveyed to his brother by the deed now assailed all his interest in his father's estate, subject to a prior mortgage of $3000 in favor of Emma Spear and others.

In all these particulars the testimony of this witness is fully corroborated by the grantee. The latter testifies that in consideration of the deed of September 22nd, 1877, he paid and assumed to pay $6262.75 in manner following, $3240 on the mortgage to Emma Spear and others, including the interest due thereon, $1240 on the mortgage of July 12th, and $60 interest thereon, $1050 cash loaned, $100 borrowed money assumed by the witness, $235 due the administrator of the father's estate, $200 cash loaned, and a store account due by the grantor to the grantee of $137.75.

Such is the testimony of the grantor and grantee, both of whom were examined as witnesses on the part of the appellees, and it must be regarded as conclusive as to the

consideration set forth in the deed unless it is contradicted by other proof. There are circumstances, it must be admitted, surrounding this transaction calculated to excite suspicion, but after a careful consideration of all the proof on this branch of the case, it is not sufficient in our opinion to justify us in saying that these witnesses have deliberately sworn to what is untrue, and are therefore unworthy of belief.

Assuming then that the deed was made upon a good consideration, the next question is whether it was made *bona fide* in the payment of a debt due to the grantee, or whether it was made with the intent to hinder, delay or defraud the creditors of the grantor. This intent may be proved either by direct evidence or it may be inferred from facts and circumstances, provided they are sufficient to satisfy the Court of the fraudulent character of the instrument assailed.

Now what are the facts relied on in this case to prove the fraudulent intent of the parties?

In the first place it is contended, that the consideration set forth in the deed, is far below the actual value of the property conveyed. Inadequacy of consideration is always considered in cases of this kind as a badge of fraud. It may be easy to say as a matter of law, what disparity between the real value of the property and the consideration set forth in the deed shall constitute an inadequacy of consideration. This must depend upon the facts and circumstances of each particular case. We may safely say, however, that to justify the inference of fraud, the disparity must be so glaring as to satisfy the Court that the conveyance was not made in good faith. *Feigley vs. Feigley,* 7 *Md.,* 537; *Copis vs. Middleton,* 2 *Madd.,* 410; *Kemper vs. Churchill,* 8 *Wal.,* 362; *Ratcliffe vs. Trimble,* 12 *B. Mon.,* 32.

In this case the grantor conveys his entire interest in the real and personal estate of his father, subject to a prior

mortgage lien of $3000. This interest in the personal estate as ascertained by the administration accounts, passed by the Orphans' Court was $6511.40. Against this he had received of one of the administrators prior to the deed $4900, thus leaving due to him $1611.40.

His interest in the real estate was $5080.58, and this was subject to a mortgage to Emma Spear including accrued interest amounting to $3137, leaving due to him from this source $1943.50. If we add to this the sum of $1611.40 due from the personal estate, we have $3554.90 as the entire value of the property which passed to the grantee under the deed. Now the indebtedness of the grantor to the grantee, in consideration of which the deed was made, including accrued interest, amounted to a sum exceeding three thousand dollars. It can hardly be said in view of these facts, that there is such a glaring inadequacy of consideration as to justify the inference, or to raise even a presumption of fraud. Then again, we are told that the grantor was insolvent at the time of the execution of the deed, but the mere insolvency of the party will not render the deed fraudulent, provided it was made for the sole purpose of paying a debt to the grantee. *Copis vs. Middleton*, 2 *Madd.*, 410; *Pettiplace vs. Sayles*, 4 *Mason*, 312; *Hardy vs. Green*, 12 *Beav.*, 182; *Atwood vs. Impson*, 5 *C. E. Green*, 150.

The conveyances denounced by the Statute are such as are devised and contrived of fraud, covin and collusion, to the end and for the purpose to delay, hinder or defraud creditors. It is the fraudulent intent, therefore, of the parties which renders the conveyance void under the Statute, and although in ascertaining this intent the insolvency of the grantor is an element to be considered by the Court, yet this fact, taken in connection with other facts, is not sufficient in this case to raise a presumption of fraud. The grantee testifies expressly that he had no knowledge of the insolvency of the grantor; there is no evidence in

the record of any such knowledge on his part.    Moreover the grantor did not by the execution of the deed strip himself of all his means to pay his creditors.    On the contrary the proof shows that after its execution he paid large sums to other creditors, amounting in the aggregate to over two thousand dollars.

The possession of the property is also relied on as a badge of fraud.    It seems that the grantor had at the time of the execution of the deed, an undivided one-fifth interest in the real estate of his father, and lived at that time in a house forming part of the estate, and continued to live in it after the deed was made.    But there is no proof to show that he exercised or attempted to exercise any rights inconsistent with the rights of the grantee as the real owner.    The mere possession of real estate by one is not inconsistent with title in another.    Nor is such possession calculated to deceive others, because in regard to the title to real estate parties look to the public records, and not to the mere possession of the property itself.    Here the deed was recorded at once, it is unconditional in its terms, and there is no evidence of a secret trust in favor of the grantor.

There are some facts we must confess, which are calculated to excite suspicion in regard to the good faith of the parties.    The deed upon its face purports to have been made in consideration of a mortgage debt of $1240 and a judgment for $3916 due to the grantee.    In fact, however, it appears that the mortgage debt was included in the judgment, and the note upon which the judgment was confessed was antedated.

These facts, however suspicious, are not sufficient, when taken in connection with other facts in this case, to justify us in declaring the deed as fraudulent.

It follows, from what we have said, that the decree below must be reversed and the cause remanded.

In this view of the case the petition of Samuel F. Fuller filed 10th March, 1879, and the order of the

Court passed thereon become quite immaterial, and it is not necessary for us to consider them in disposing of the case.

> *Decree reversed, and*
> *cause remanded.*

(Decided 30th March, 1880.)