N. J. CROOKS, ADMINISTRATOR, ETC., vs. JOHN C. BRY-
DON ET AL.

*Fraudulent Conveyances—Insufficient Evidence to Show Fraud.*

A conveyance of land in this State was made by a husband and wife to
three of their children for an expressed consideration of $5,000 at a time
when there was a judgment against the grantors in another State.
Upon a bill by the creditor to vacate the conveyance because fraudulent
as to him the plaintiff alleged inadequacy of consideration for the prop-
erty conveyed, continued occupancy thereof by the grantors, and that
the grantors were left without visible means to discharge their indebt-
edness to the plaintiff. *Held*,

1st. That the burden of proof is upon the plaintiff to show that the con-
veyance was not made upon a valuable consideration, or that, if there
was a consideration, the conveyance was made with intent to delay and
defraud the creditors of the grantors and that this intent was known to
and participated in by the grantees.

2nd. That the plaintiff's evidence failed to establish the allegations of the
bill and to countervail the defendants' evidence which tended to show
that the grantees acted in good faith, that the consideration expressed
in the deed was the fair value of the property and was paid, and that
consequently the bill should be dismissed.

Appeal from a *pro forma* decree of the Circuit Court for
Garrett County.

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PEARCE, SCHMUCKER and JONES, JJ.

*John T. Mitchell* and *Richard T. Semmes*, for the appellant.

*Gilmor S. Hamill* and *William E. Walsh*, for the appellees.

JONES, J., delivered the opinion of the Court.

In this case a bill was filed on the equity side of the Circuit
Court for Garrett County by the appellant, as administrator of
Peter S. Hyde, to have set aside and vacated a deed made by
the appellees, Susan V. Brydon and William A. Brydon on

the 5th of September, 1896, to their co-appellees, John C.
Brydon, William S. Brydon and Lewis B. Brydon—the gran-
tees in the deed being the children of the grantors.    The deed
conveyed forty-five acres of land and improvements, situate at
Bloomington, in Garrett County, for the consideration of five
thousand dollars, according to the face of the deed.    The prop-
erty conveyed was that of the appellee, Susan V. Brydon, the
wife of William A. Brydon, and the mother of John C., Wil-
liam S., and Lewis B. Brydon.    The bill alleged that the ap-
pellant's intestate, Peter S. Hyde, during his life-time obtained
a judgment in September, 1895, in the Circuit Court for Min-
eral County, in West Virginia, against the appellees, William
A. and Susan V. Brydon, for the sum of two thousand, six
hundred and sixty-three dollars and thirty-eight cents and
costs ; and that on the 20th of March, 1896, the said Hyde
brought suit thereon in the Circuit Court for Garrett County,
of this State ; that pending said suit said Hyde died, and the
appellant, having been duly appointed and qualified as his
administrator, prosecuted the said suit to judgment ; which
judgment was obtained on the 13th day of September, 1897,
against both of the defendants in the judgment in West Vir-
ginia and the cause of action in the suit in Garrett County.
The bill then after reciting the fact that the property embraced
in the deed of the 5th of September, 1896, was subject "to a
deed of trust to one Robert R. Henderson to secure the sum
of twenty-eight hundred dollars," charges that the considera-
tion money mentioned in the said deed of the 5th of Septem-
ber, 1896, was never paid, but that the grantors being "heavily
in debt " and not having the means to pay their debts entered
into an agreement with the grantees to convey to the latter
the property mentioned in the deed and at the same time
attempted to sell all of their personal property to the same
parties " for the purpose of preventing, hindering and defraud-
ing " the appellant " and his decedent's estate from obtaining
satisfaction for his judgment, of the existence of which in the
State of West Virginia and its prosecution in said Garrett
County " the grantees in the deed " were well aware."

The grantees in the deed in question filed their joint and several answer to the bill and the grantors their joint answer. Both answers aver that the deed here assailed was given in pursuance of an agreement made between the grantors and the grantees in August, 1893, explain the circumstances leading up to the making of the agreement and the deed, aver that the consideration named in the deed was fully paid and that it represented the fair and full value of the property conveyed, deny all charges of collusion between parties to the deed with a view to defraud the appellant or his decedent's estate, deny that any information was given to the grantees, or that they had any knowledge, of the judgment in favor of Hyde in West Virginia or of its being prosecuted to a judgment in Garrett County prior to the time when the appellant " set up " what is styled in the answer of the grantees " the false and pretended claim which he seeks to enforce in this cause ;" aver that the agreement referred to in the answers which preceded and was consummated by the deed, was made and carried out in entire good faith and deny all manner of fraud charged in the bill.

The case here was designed to enforce rights intended to be protected by the Statute 13th of Elizabeth and the issues made by the pleadings raise an inquiry under the provision that the statute shall not apply where an " estate or interest, is or shall be upon good consideration and *bona fide*, lawfully conveyed or assured to any person or persons, or bodies politic or corporate, not having at the time of such conveyance or assurance, to them made, any manner of notice or knowledge of such covin, fraud or collusion " as is referred to therein. The deed here called in question upon its face gratifies all the formalities and requisites of a good and valid conveyance of the property named in it. At least we must so assume. The deed itself is not set out in the record ; but the reference to the deed in the pleadings and evidence is such as to justify such an assumption. That being so resort must be had to the evidence adduced to determine whether it was in fact made " upon good consideration and *bona fide* ;" and as to this inquiry the burden of proof is upon the appellant to show either

that the deed was not made upon a good consideration, or that it was made with a fraudulent intent on the part of the grantors to hinder, delay or defraud their creditors, and that this intent was known to or participated in by the grantees. *Fuller* v. *Brewster & Co.*, 53 Md. 358–9; *Cooke, Garn.*, v. *Cooke*, 43 Md. 522.

Now how far has the appellant gratified this burden of proof? The *indicia* of fraud and *mala fides* which the evidence of the appellant seemed intended to show were inadequacy of consideration set out in the deed assailed, continued occupancy of the property, which the deed conveyed, by the grantors after the conveyance had been made, and that the conveyance of this property left the grantors without visible means of discharging their indebtedness to the appellant. Upon the point of inadequacy of price three witnesses testified on behalf of the appellant. One of these said the property was worth "to any person that desired" it seven or eight thousand dollars but did not think, if put up for sale, it would bring that much. Another said that "if somebody wanted the property it might be worth five or six thousand dollars, but if it was put up under the hammer" it would not, in his opinion, bring one half that much. The third said that eight thousand dollars would be a small price for it, but upon cross-examination this seemed to be a speculative opinion as to what the property might be made to bring if cut up into lots and sold off in that way. Such testimony falls very far short of proving that the consideration named in the deed did not represent the fair selling value of the property in question; especially when it is considered in connection with the evidence upon this point on behalf of the appellees given by disinterested witnesses shown to be equally if not more competent to speak of the value of the property in question than those produced by the appellant and who valued it at from four to five thousand dollars. In the case of *Fuller* v. *Brewster & Co.*, 53 Md., *supra*, at page 361 it is said in reference to inference of fraud from inadequacy of price "to justify the inference of fraud, the disparity must be so glaring as to satisfy the Court that the conveyance

was not made in good faith." And in the case of *Feigley* v. *Feigley*, 7 Md. 537, as to a conveyance made for a considera- tion of two hundred dollars of property shown to be worth eight hundred dollars, the Court said this was not such "a glaring inadequacy as, of itself, to stamp the transaction with fraud" as respected the grantee in the deed. As to the oc- cupancy of the property by the grantors after the deed of conveyance and during the pendency of the agreement be- tween them and the grantees for a conveyance, the witnesses for the appellant displayed no knowledge on the subject that gives any value to their testimony. They merely knew that the grantors had been upon the property, apparently as usual, as far as their knowledge extended. They made no attempt to say how they had occupied nor the character of control they exercised and did not testify to anything in that connec- tion from which the Court would be justified in drawing any inference of fraud. The relations of the grantors to the prop- erty was also satisfactorily explained by the testimony on the part of the appellees and was shown to be only natural and proper under the circumstances and to savor of nothing con- tradictory of *bona fides* at least on the part of the grantees.

That the conveyance of the property in question left the grantors without tangible or visible property from which the appellant could realize his debt due from them cannot affect the title of the grantees under the authorities already cited (53 Md. and 43 Md., *supra*), unless it be shown not only that the deed was made with a fraudulent intent on the part of the grantors to hinder, delay or defraud their creditors but that "this intent was known to and participated in" by the grantees. As to the knowledge of the grantees here of, or their partici- pation in, the design imputed to the grantors of making the conveyance in question to defeat the appellee in the recovery from them of the amount of his judgment, the appellee has given no direct evidence whatever, nor evidence directly tend- ing to prove such knowledge or participation ; and it is not inferrible from the circumstances of the case in the face of the direct, emphatic and sworn denial not only of each and every

one of the grantees but of the grantors as well. The entire failure of proof on the part of the appellant makes it unnecessary to examine in detail or to make a minute analysis of that offered on the part of the appellees. Only brief, if any, comment is necessary. The appellees in their answers to the bill of the appellant apparently made a very full and candid disclosure of all the circumstances that induced the motive for, and that led up to and attended the making of the conveyance here assailed. Their proof is entirely consistent with the averments of their answers. They all offered themselves as witnesses and distinctly swore that the consideration named in the deed in question was fully paid and explained how it was paid. They, in express and direct terms, swore that the transaction in reference to the transfer of the property in question was made in good faith throughout and as expressly and directly swore, one and all, that the grantees in the deed had not at the time of the agreement made by them to purchase the property of the grantors nor yet at the time of the conveyance made of the property to them, any knowledge whatever of even the existence of the judgment of the appellee either in West Virginia or in Garrett County. The state of proof upon the part of the appellant will by no means justify the Court in rejecting and discrediting this testimony of the appellees. The testimony offered by the appellant fails to establish the allegations of his bill. That upon the part of the appellees in the disclosure it makes of the circumstances, reasons and motives that led up to and entered into the transaction called in question shows in its consummation, upon the part of the parents involved, only a just recognition of a most commendable display of filial duty on the part of their children.

The decree appealed from will be affirmed.

*Decree affirmed with costs to the appellees.*

(Decided June 14th, 1901.)